7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William PEDEN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7025.
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff William Peden appeals from an order of the district court affirming the Secretary's determination that he is not entitled to Social Security disability benefits. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 4
 Plaintiff applied for benefits in 1990 alleging disability dating from 1985 due to gout, kidney stones, and back pain. The administrative law judge (ALJ) found that plaintiff, while suffering from recurrent exacerbations of kidney stones and mild to moderate back and shoulder pain, retained the residual functional capacity to perform the full range of sedentary and light work.
 
 
 5
 On appeal, plaintiff argues that the Secretary's findings are not supported by substantial evidence. Plaintiff also argues that the ALJ erred in applying the grids and that a vocational expert should have been called.
 
 
 6
 We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether the Secretary applied the correct legal standard. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992). Further, credibility determinations are the province of the ALJ. Williams v. Bowen, 844 F.2d 748, 755 (10th Cir.1988).
 
 
 7
 While plaintiff alleged three disabling conditions in his application, on appeal plaintiff argues only that he is disabled due to severe back pain. In order to show a disability due to pain, a claimant must first establish that he suffers from an anatomical, physiological, or psychological abnormality, as shown by objective medical evidence, which is reasonably expected to produce some pain. See 42 U.S.C. 423(d)(5)(A); Luna v. Bowen, 834 F.2d 161, 163 (10th Cir.1987).
 
 
 8
 Plaintiff submitted minimal medical records relating to his back pain. These records include two doctor visits five months apart in 1988, r. vol. II at 117, and one after falling from a tree in 1982 at which time the treating physician concluded "[t]here was no evidence of major trauma," id. at 120. The consulting physician concluded that plaintiff has mylagia (muscle tenderness or pain) in his back, the cause of which is unknown. The consulting physician also noted some reduced range of motion in plaintiff's hips. All other aspects of his examination were normal, except for plaintiff's excessive weight. Plaintiff is five feet eleven inches tall and weighs 274 pounds.
 
 
 9
 The ALJ concluded the record did not support plaintiff's complaints of pain such that he could not perform the full range of sedentary and light work. The ALJ did note plaintiff's weight as impacting on his complaints. However, the ALJ did not base his determination on plaintiff's weight or on the consulting physician's observation that plaintiff's problems could be significantly relieved by weight loss. See Johnson v. Secretary of Health & Human Servs., 794 F.2d 1106, 1113 (6th Cir.1986)(it is impermissible to presume obesity can be remedied; further, physician's recommendation to lose weight does not necessarily constitute prescribed course of treatment); see also McCall v. Bowen, 846 F.2d 1317, 1319 (11th Cir.1988)(same).[2]
 
 
 10
 Even conceding that the reduced hip range of motion noted by the consulting physician constitutes objective medical evidence that plaintiff suffers from some physiological back disorder and that that disorder can be expected to cause some pain, we agree with the ALJ that the evidence does not support a finding that plaintiff's pain is disabling in fact. See Luna, 834 F.2d at 163.
 
 
 11
 Plaintiff testified he is unable to do more than minimal activities because of his pain. Plaintiff stated he had not sought medical treatment because he could not afford it. Similarly, he testified to minimal use of Tylenol for his pain, apparently due in part to the fact that he cannot afford to buy Tylenol. The issue that plaintiff could not obtain medical care or medications due to his financial condition was not raised on appeal and we will not address it sua sponte. We do note the record contains no evidence plaintiff has sought emergency or clinic treatment for his back pain, aside from pain caused by kidney stones. Plaintiff received treatment for his kidney stones without mention of his financial condition. See Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir.1992)(claimant's assertion she had not sought medical treatment due to financial hardship may be taken into consideration when determining whether to award benefits; however, failure to seek low-cost medical treatment and lack of evidence claimant had been denied medical care because of financial condition supported ALJ's determination that claimant's financial hardship was not severe enough to justify failure to seek medical treatment).
 
 
 12
 No objective evidence was presented that plaintiff's pain, even at the level alleged, was in any way disabling. The consulting physician's conclusion that plaintiff suffered some pain is not an opinion that plaintiff was disabled due to pain. The ALJ did not err in relying on the grids in this case, nor was a vocational expert required. Substantial evidence supports the Secretary's determination.
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Secretary argues that pursuant to Garrett v. Califano, 460 F.Supp. 888, 890 (D. Kan.1978) and Mayhue v. Gardner, 294 F.Supp. 853, 857 (D. Kan.1968), aff'd, 416 F.2d 1257 (10th Cir.1969), obesity is a remediable condition and is not disabling. We note that the holdings in these cases have been overruled by the Secretary's own regulations. See 20 C.F.R. Pt. 404, Subpt. P.App. 1 10.10 (providing that obesity is disabling if claimant meets the weight requirements as found in the tables and demonstrates at least one of five additional limitations)