61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Denise L. PRICE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3774.
 United States Court of Appeals, Sixth Circuit.
 July 12, 1995.
 
 Before: WELLFORD, NELSON, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff, Denise L. Price, appeals from a magistrate judge's grant of summary judgment for the defendant, the Secretary of Health and Human Services, in this suit challenging the Secretary's denial of Supplemental Security Income benefits (SSI) under the Social Security Act, Title XVI, which is codified at 42 U.S.C. Sec. 1381 et seq. Price challenges three of the Secretary's findings, claiming that each was not supported by substantial evidence: 1) the finding that Price's severe disability does not equal one of the listed impairment; 2) the finding that Price's subjective complaints do not evidence disabling pain; and 3) the finding that Price can perform substantial gainful employment.
 
 
 2
 We conclude that the Secretary's findings were based on substantial evidence and affirm the Secretary's decision.
 
 I.
 
 3
 The opinions of the magistrate judge and the administrative law judge (ALJ) set forth the relevant facts in full and we recite them here only in summary form. On April 22, 1980, Price gave birth to a son by Caesarean section. During this procedure, Price received anesthesia that resulted in a permanent numbness in her lower extremities and right foot drop, which is "an extended position of the foot caused by paralysis of the flexor muscles of the leg." Webster's Medical Desk Dictionary (1986).
 
 
 4
 Price's treating physician was Dr. Polley, whom she consulted off and on from the time of the onset of her condition until 1984. Dr. Polley prescribed a piano wire foot brace for Price, which at first proved to be helpful. Price visited Dr. Polley in May 1982, June 1982, and November 1984, complaining of problems with her foot. Dr. Polley's office notes for each of these visits make reference to Price working, and each prognosis included a date on which Price could return to work. These references to work are interesting in that Price now claims that she has been disabled since 1980 and that she has engaged in no substantial gainful employment since that time.
 
 
 5
 After her 1984 visit, Price did not see Dr. Polley again for five years. On June 19, 1989, Price visited Dr. Polley at his office. He noted: "Patient hasn't been seen in 5 years, she stopped wearing the brace, she has noted that she is having pain in the right flank and right leg again, has calluses on her feet ...." Dr. Polley's prognosis was: "Get a light foot drop brace ... use Motrin 600 [four times a day] ... return in 6 weeks, off work until 6/21." (Emphasis added.)
 
 
 6
 On June 26, 1989, Price applied for SSI benefits. She claimed disability from April 1980 due to her foot drop and numbness. This application was denied and denied again on reconsideration. An ALJ conducted a hearing on this claim on October 28, 1991 and, in December 1991, issued a decision denying Price's application for benefits. The ALJ found that Price's right foot drop was a severe impairment, but its severity did not meet any of the listed impairments. The ALJ also found that Price's subjective complaints that her impairment prevented her from working were not corroborated by objective evidence and were not credible. The ALJ found that Price could perform sedentary work despite her nonexertional limitations: she must have a sit/stand option; she cannot operate controls with her right foot; she cannot work on uneven terrain; she can only occasionally stoop, squat, kneel, or use stairs. Because the ALJ found that a substantial number of sedentary jobs exist in the national economy which Price could perform, he determined that she was not disabled.
 
 
 7
 When the Appeals Council denied Price's request for review, the ALJ's decision became the final decision of the Secretary. Price filed a complaint in the Northern District of Ohio and, by consent of the parties, the matter was referred for decision to a magistrate judge. The magistrate judge issued an opinion granting the Secretary's motion for summary judgment on May 18, 1994. Price timely filed a notice of appeal.
 
 II.
 
 8
 Under 42 U.S.C. Sec. 405(g), the Secretary's findings are conclusive if they are supported by substantial evidence. When the Secretary determines whether a claimant is "disabled," she engages in a five-step evaluation that is set out at 20 C.F.R. Sec. 416.920 (1994). Even when a claimant's impairment is not a disabling impairment, the pain from the impairment can be disabling. To evaluate allegedly disabling pain, this court, in Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), established a two-part test: (1) whether there is evidence of an underlying medical condition; and (2) whether (a) objective medical evidence exists to confirm the severity of the alleged pain, or (b) the objectively determined medical condition can reasonably be expected to give rise to the alleged pain. "Itis for the Secretary, not a reviewing court, to make credibility findings. If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." Felisky v. Bowen, 35 F.3d 1027, 1036 (6th Cir. 1994) (citations omitted).
 
 III.
 A.
 
 9
 Price first argues that she is disabled because she meets listing 1.02(A), which governs deficits in musculoskeletal function. This listing has been changed subsequent to the ALJ's decision and Price argues that she now meets this listing as it is now written. Price did not refer to this listing before the ALJ, and consequently there is nothing for this court to review. This subsequent change does not effect whether the Secretary's decision was supported by substantial evidence at the time it was made. Price can submit a new application for benefits if she believes she now meets the listing. Prior to a decision by the Secretary, this court would have to determine, in the first instance, whether the medical evidence in this case meets the listing, which is a de novo determination that we may not make.
 
 B.
 
 10
 Price next argues that the ALJ did not follow the proper procedures necessary to evaluate her subjective complaints of pain. She argues that had the ALJ followed the proper procedure, the ALJ would have determined that she was disabled. Although the ALJ's analysis is not completely clear, we conclude that the ALJ did follow the appropriate procedure and his evaluation of Price's subjective complaints is supported by substantial evidence. The ALJ's opinion notes numerous inconsistencies in Price's testimony, including the inconsistency between her claim that she had performed no work since 1980 and Dr. Polley's frequent reference, even as late as 1989, to Price's work. After carefully reviewing the entire record, we conclude that the ALJ's finding that Price's subjective complaints of pain were not fully credible is based on substantial evidence.
 
 C.
 
 11
 Price last argues that the ALJ's finding that she could perform substantial gainful activity was not based on substantial evidence because the ALJ asked an inappropriate hypothetical question to the vocational expert. If the Secretary bases her decision that the claimant can perform substantial gainful activity on the testimony of a vocational expert, the hypothetical questions posed to the expert must reflect "precisely" the specific exertional and nonexertional limitations of the particular claimant. Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987). Vocational expert testimony based on a faulty hypothetical is not "substantial evidence." Id.
 
 
 12
 The vocational expert in this case, Mr. Nuzum, testified that there were a sufficient number of jobs that Price could perform. Unless his answers were in response to a faulty hypothetical, his testimony constitutes substantial evidence. The ALJ's hypothetical described a worker with exertional and nonexertional limitations that reflected the findings the ALJ made regarding Price's residual functional capacity. Because the record contains substantial evidence to support the ALJ's findings as to her residual capacity, the ALJ's hypothetical was not improper. Consequently, we conclude that the Secretary's finding is based on substantial evidence.
 
 IV.
 
 13
 Because we conclude that the Secretary's findings are supported by substantial evidence, we AFFIRM.