**Leonard W. WALKER, Plaintiff,**

v.

**John J. CALLAHAN, Ph.D., Acting Commissioner of Social Security, Defendant.**

**No. 96–4091–SAC.**

United States District Court, D. Kansas.

Nov. 25, 1997.

Terry E. Beck, Topeka, KS, for Plaintiff.

D. Brad Bailey, Office of U.S. Attorney, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

Leonard W. Walker timely appeals the final decision of the Commissioner of Social Security denying his application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq., and the denial of his application for supplemental security income benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq.[1] Walker contends that the Commissioner's decision is not supported by substantial evidence, is based upon the erroneous application of the incorrect legal standards and should be reversed for an immediate award of benefits, or in the alternative remanded for "consideration of the credible complaints of pain." The Commissioner responds, arguing that her decision is supported by substantial evidence and that the correct legal standards were applied in determining that Walker is not disabled.

### Standard of Review

The court reviews "the [Commissioner's] decision to deny benefits to determine whether it is supported by substantial evidence and whether she applied the correct legal standards." *Cruse v. U.S. Dept. of Health & Human Services*, 49 F.3d 614, 616–617 (10th Cir.1995); *see* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla and is that evidence which a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401–02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir.1989). "A finding of ' "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary

medical evidence." ' " *Trimiar v. Sullivan*, 966 F.2d 1326, 1328 (10th Cir.1992) *(quoting Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)) *(quoting Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir.1973)). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir.1994) (citation omitted). "Incorrect application or insufficient evidence of correct application of governing legal standards is grounds for reversal." *Cruse*, 49 F.3d at 617. *See Tibbits v. Shalala*, 883 F.Supp. 1492, 1493 (D.Kan.1995) (summarizing standard of review).

"Any new evidence submitted to the Appeals council and considered by it in denying a request for review becomes a part of the administrative record." *Robertson v. Chater*, 900 F.Supp. 1520, 1524 (D.Kan.1995) (citing *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir.1994)). "Thus, the court reviews the ALJ's decision for substantial evidence considering not only the evidence before the ALJ but also the evidence first submitted to the Appeals Council." *Id.*

### Five-step Evaluation

The [Commissioner] has established a five-step evaluation process under the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. *See Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir.1988) (describing steps in detail). The claimant bears the burden of proof through step four of the analysis. Once it is determined at step four that a claimant cannot perform his past relevant work, the claimant has established a prima facie case of disability. At step five, the burden shifts to the [Commissioner] to show that a claimant can perform work that exists in the national economy. *See id.* at 751. The [Commissioner] must consider a claimant's residual functional capacity, age, education, and work experience.

*Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir.1993).

---

1. "There are two social security disability benefit programs—Disability Insurance, for people who have qualified for social security benefits by paying social security taxes for the relevant period, and Supplemental Security Income, for people who have not. But the pertinent regulations are the same for the two programs." *Eads v. Secretary of DHHS*, 983 F.2d 815, 816 (7th Cir.1993).

## Summary of Facts

At the time of the hearing before the ALJ, Walker was a 39 year old male. Walker is 6'2" and weighed 130 pounds. The year before, Walker's weight had dipped to 118 pounds, though physicians could find no specific cause for the weight loss. Medical records repeatedly reference Walker's thin or emaciated appearance. Walker obtained a G.E.D. in 1973 and has taken two vocational school courses, one in computer programming and the other in electronic and robotic repair.

During his lifetime, Walker has undergone numerous surgeries and medical procedures and treatments. Walker has repeatedly received medical treatment for pain in his back and neck. The record is replete with references to back, shoulder and neck pain. Walker also experiences pain and numbness in his right arm. In 1980 Walker shattered the femur in his right leg during a motorcycle accident and still has a pin in his leg. At times, Walker has experienced left foot drop, which is described as " 'an extended position of the foot caused by paralysis of the flexor muscles of the leg.'" *Price v. Secretary of Health and Human Services,* 61 F.3d 904 (6th Cir.1995) (Table; available on Westlaw at 1995 WL 413428) (quoting *Webster's Medical Desk Dictionary* (1986)). According to Walker, he has sought as much medical treatment as he can afford. Walker takes both prescription and non-prescription medications to relieve pain and discomfort. Soma, prescribed for pain and arthritis, causes light-headedness and sometimes blurred vision.

In 1995 Walker temporarily worked on two separate jobs. In March 1995, Walker worked for 12 days at an electric company hooking wire into a control panel. Based upon that employer's need for Walker to do as much as he possibly could do, Walker was encouraged to stay by affording him all of the breaks he needed. Nevertheless, the job proved too taxing and Walker quit because "that was all [he] could take physically." Walker experienced numbness and pain in both his legs and arms. Walker also delivered flowers for two days around the Mother's Day holiday.

The ALJ found that Walker could not return to his former work. However, the ALJ concluded that Walker had the residual functional capacity to perform jobs available in the national economy—namely as a security clerk, information clerk or cashier. In reaching this conclusion, the ALJ acknowledged that "the claimant may experience some degree of pain or discomfort at times of overexertion. However, even moderate levels of pain are not, *per se,* incompatible with the performance of certain levels of sustained activity."

In short, the ALJ substantially discounted Walker's testimony regarding pain and suffering associated with working. A portion of that credibility call turned upon the following colloquy. During the hearing, the ALJ posited the following question: "You described your physical problems to your back and your right leg, and your neck and shoulder area, and arms, do you have any other physical problems, Mr. Walker?" Walker answered that question as follows: "The doctor said I have an enlarged prostate and I've occasionally had ulcer problem." In his written opinion, the ALJ stated:

In this case, there is substantial evidence to support a decision to discredit the claimant's complaints of pain. The judgement as to the credibility of claimant's testimony is the province of the administrative law judge. Moreover, a claimant's subjective complaints must be corroborated at least in part, by objective medical testimony. There is no evidence of an enlarged prostate.

Administrative Record at 15. The ALJ then determined that the balance of Walker's complaints about disabling pain were exaggerated and unsupported.

After receiving the ALJ's opinion, Walker sought review from the Appeals Council. Walker submitted additional medical records in support of his claims to the Appeals Council. After considering the additional evidence submitted, the Appeals Council concluded that it did "not provide a basis for changing the Administrative Law Judge's decision." Walker timely commenced this action in this court seeking review of that determination.

### Pain and Credibility Assessments

The Tenth Circuit "has spoken often on the appropriate analysis for considering complaints of pain in this context.

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both object and subjective, Claimant's pain is in fact disabling.

*Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir.1994) (quoting *Musgrave v. Sullivan,* 966 F.2d 1371, 1375–76 (10th Cir.1992)) (citing *Luna v. Bowen,* 834 F.2d 161, 163–64 (10th Cir.1987)).

> "Objective" evidence is any evidence, whether physiological or psychological, that can be discovered and substantiated by external testing. *Luna,* 834 F.2d at 162. "Subjective" evidence, on the other hand, consists of statements by a claimant or other witnesses that can be evaluated only on the basis of credibility. *Id.* at 162 n. 2.

The claimant is not required to produce medical evidence proving the pain is inevitable. *Frey,* 816 F.2d at 515. A claimant must establish only a loose nexus between the impairment and the pain alleged. *Luna,* 834 F.2d at 164. " '[I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.' " *Huston,* 838 F.2d at 1129 (*quoting Luna,* 834 F.2d at 164).

. . . . .

When determining the credibility of pain testimony, the ALJ should consider such factors as

> "the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and

the consistency or compatibility of nonmedical testimony with objective medical evidence."

*Hargis,* 945 F.2d at 1489 (*quoting Huston,* 838 F.2d at 1132 and n. 7); *accord Luna,* 834 F.2d at 165–66 (*citing Turner v. Heckler,* 754 F.2d 326, 331 (10th Cir.1985)); *Nieto,* 750 F.2d at 62.

*Thompson v. Sullivan,* 987 F.2d 1482, 1489 (10th Cir.1993). " 'To establish disabling pain without the explicit confirmation of treating physicians may be difficult. Nonetheless, the claimant is entitled to have his nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence. An ALJ may not ignore the evidence and make no findings.' " *Kepler v. Chater,* 68 F.3d 387, 390 (10th Cir.1995) (*quoting Huston v. Bowen,* 838 F.2d 1125, 1131 (10th Cir.1988) (citations omitted)).

In reviewing the ALJ's credibility determinations, the court should "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 801 (10th Cir. 1991). At the same time, "[s]ubjective complaints of pain may not be rejected solely on the basis of the ALJ's personal observations." *Ludden v. Bowen,* 888 F.2d 1246, 1249 (8th Cir.1980). *See Teter v. Heckler,* 775 F.2d 1104, 1106 (10th Cir.1985) (ALJ may not reject claimant's assertions of pain on the basis of demeanor where uncontroverted evidence corroborated complaints of pain as genuine).

"Pain, even if not disabling, is still a nonexertional impairment to be taken into consideration, unless there is substantial evidence for the ALJ to find that the claimant's pain is insignificant." *Thompson,* 987 F.2d at 1490–91.

### Analysis

■ As mentioned above, in making his credibility assessment, the ALJ apparently found Walker's testimony regarding his "enlarged prostate" to be wholly fabricated. As Walker notes and the Commissioner now concedes, the medical records do corroborate Walker's testimony. The notes of one physician clearly indicate that Walker suffers from

an enlarged prostate. Consequently that finding by the ALJ is erroneous.

The Commissioner argues that this finding is inconsequential to his ultimate determination that Walker is not disabled because Walker has never based his disability claim on that condition, nor has that condition apparently been medically treated. The Commissioner suggests that any reference to Walker's enlarged prostate is essentially irrelevant to the ALJ's ultimate determination that Walker is not disabled, and therefore should simply be chalked up to poor opinion writing. The court cannot agree. The ALJ essentially brands Walker as a liar based at least in part on the purportedly "false" testimony about his "enlarged prostate." The ALJ then proceeds to disbelieve the majority of Walker's testimony about the degree of pain that he suffers when sitting, standing or moving, despite the fact that the medical records, in general, might demonstrate a physiological basis for those complaints of pain. Had the ALJ found Walker's testimony regarding the extent and severity of his pain credible, it is clear, based upon the testimony of the vocational expert, that Walker would not have been capable of performing any job available in the national economy. The court therefore deems it necessary to remand this case for a proper evaluation of Walker's testimony in light of the factors set forth above and without improperly considering any testimony regarding Walker's enlarged prostate.

In reaching this decision to remand, the court recognizes that the determination of whether pain is truly disabling is sometimes extremely difficult—particularly when treating physicians do not specifically confirm the claimant's self-assessment. *See Kepler,* 68 F.3d at 390. In this case the ALJ believed that Walker endured pain, but did not believe that pain to be disabling. The call as to whether Walker's pain is disabling appears to have been a relatively close one. Walker simply deserves the opportunity to have his credibility assessed without being unjustly characterized a liar about his enlarged prostate.

### Failure to Pursue Medical Treatment

■ Although the court deems it necessary to remand this case based upon the analysis set forth above, the court believes that one more item should be addressed. In his opinion, the ALJ notes that "Walker seeks medical attention at the low-cost Marian Clinic." Although this is factually accurate, if it is included in the opinion to suggest that Walker has failed to fervently pursue medical treatment, it fails to properly assess this evidence under the analysis suggested by the Tenth Circuit:

> [B]efore the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider "(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." *Frey,* 816 F.2d at 517 (*citing Weakley v. Heckler,* 795 F.2d 64, 66 (10th Cir.1986) (*quoting Teter,* 775 F.2d at 1107))).

*Thompson,* 987 F.2d at 1490. As this court has noted, the fact that a person may not seek medical treatment may be attributable to a lack of financial resources, and may not be an indication that the claimant's testimony regarding the extent of his disability is not credible. *See Powell v. Shalala,* No. 93–4004–SAC, 1993 WL 500839 at *10 (D.Kan. Nov.8, 1993) ("On remand, the Secretary should consider whether the plaintiff had a justifiable excuse (such as lack of financial resources) for not pursuing treatment."). On remand, if the Commissioner intends to rely on the "low cost treatment" fact in assessing Walker's credibility, he should utilize the analysis suggested by the Tenth Circuit when evaluating this type of evidence.

### Remand vs. Immediate Award

■ In determining that it is appropriate to reverse the Commissioner and to remand this case for further hearings, the court has carefully considered Walker's request for an immediate award of benefits. Under some circumstances, an immediate award of benefits is appropriate. *See Williams v. Bowen,* 844 F.2d 748, 760 (10th Cir.1988) ("Outright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose.") (*quoting Dollar v. Bowen,* 821 F.2d 530, 534

(10th Cir.1987)). This court has on several occasions remanded a case to the Commissioner with instructions to begin paying benefits immediately. In this case, the court does not believe that the record is such that an immediate award is appropriate. In fact, although the records submitted as new evidence to the appeals council generally buttress Walker's case, one notation in a May 24, 1995, medical record from St. Francis casts doubt on the wisdom and necessity of remanding this case at all. On that record, it indicates that "Patient bowls to reduce pain." If this sentence is meant to indicate that Walker "bowls", i.e., rolls a heavy round object down an alley at ten pins in an effort to knock them over, as a form of physical therapy to alleviate pain, the legitimacy of Walker's complaints of disabling pain are called into question. The therapeutic benefits of bowling, particularly to a person complaining of back, neck, arm and shoulder pain, are not self-evident. During the first hearing, the ALJ did not ask Walker whether he actively participated in any "sports." Exploring that subject matter on remand may prove valuable in determining the true nature, extent and severity of Walker's pain.

### Attorney's Fees

 The claimant requests attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and asks "the court to reserve the issue [of his request for attorney's fees under the EAJA] for a period of thirty days following the court's favorable ruling for the submission of an application for such fees." A claimant achieving a "sentence four"[2] remand is a prevailing party under the EAJA. See *Hartter v. Chater*, 963 F.Supp. 956, 958 (D.Kan.1997).

> Under EAJA, the prevailing party must apply for fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment in the action" is "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received," *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991) (interpreting 28 U.S.C. § 2412(d)(1)(B)), and is made

effective when it has been entered on a separate document in compliance with Fed. R.Civ.P. 58, *Schaefer*, 509 U.S. at 302–303, 113 S.Ct. at 2632. "The 30–day EAJA clock begins to run after the time to appeal that [effective] 'final judgment' has expired." *Melkonyan*, 501 U.S. at 96, 111 S.Ct. at 2162; *see also Schaefer*, 509 U.S. at 302, 113 S.Ct. at 2632 (EAJA's thirty-day time limit runs from end of sixty-day period for appeal in social security case); 28 U.S.C. § 2412(d)(2)(G) (" 'final judgment' means a judgment that is final and not appealable"); Fed.R.App.P. 4(a)(1) (when government is party to suit, judgment remains appealable for sixty days).

*Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir.1995).

Judgment will not be entered in this case until after this memorandum and order is filed. At this juncture, Walker's motion for attorney's fee under the EAJA is simply denied without prejudice as premature. In regard to Walker's request to "reserve the issue" of his request for an EAJA award, that request is denied. Walker's counsel should adhere to the statutory time limitations discussed above. *See also* D.Kan. Rule 54.2.

### Summary

In the final analysis, the court concludes that reversal and remand are necessary, and that despite the shortcomings of the Commissioner's analysis, the evidence in the record is not such that an immediate award is appropriate.

IT IS THEREFORE ORDERED that the Commissioner's determination that Walker is not disabled is reversed. This case is remanded to the Commissioner for further hearings consistent with this memorandum and order.

---

**2.** *See Gutierrez v. Sullivan*, 953 F.2d 579, 581–82 (10th Cir.1992) (explaining the distinctions between a "sentence four" remand and a "sentence six" remand), *cert. denied*, 509 U.S. 933, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993).