Linda R. GOODWIN, Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 99–4066–SAC.**

United States District Court, D. Kansas.

April 15, 2002.

Steven M. Tilton, Tilton & Tilton LLP, Topeka, KS, for Plaintiff.

David D. Plinsky, D. Brad Bailey, Mary K. Ramirez, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

CROW, District Senior Judge.

This social security appeal comes before the court on the magistrate judge's report and recommendation (Dk. 17) and the defendant commissioner's objection to it (Dk. 19). The defendant does not object to the magistrate judge's ultimate recommendation that the case be remanded for further consideration. The defendant does take issue with the magistrate judge's statement of the legal standards governing the determination of a claimant's credibility when she fails to comply with a physician's recommended care or course of treatment. The plaintiff has filed nothing in response to the defendant's objection.

## STANDARD OF REVIEW

██ "De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." *Summers v. State of Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) (citations omitted). Rule 72(b) of the Federal Rules of Civil Procedure requires a district judge to "make a de novo determination upon the record, ..., of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Those parts of the report and recommendation to which there has been no objection are taken as true and judged on the applicable law. *See Campbell v. United States District Court for the Northern Dist. of California,* 501 F.2d 196, 206 (9th Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974); *see also Summers v. Utah,* 927 F.2d at 1167 (holding that "[i]n the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate"). The district court has considerable judicial discretion in choosing what reliance to place on the magistrate judge's findings and recommendations. *See Andrews v. Deland,* 943 F.2d 1162, 1170 (10th Cir.1991) (citing *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)), *cert. denied,* 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992). When review is *de novo,* the district court is " 'free to follow ... or wholly ... ignore' " the magistrate judge's recommendation, but it " 'should make an independent determination of the issues' " without giving " 'any special weight to the prior' " recommendation. *Andrews v. Deland,* 943 F.2d at 1170 (quoting *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir.1988)). In short, the district court may accept, reject, or modify the magistrate judge's findings, or recommit the matter to the magistrate with instructions. *See* 28 U.S.C. § 636(b)(1)(C) (1994).

## ANALYSIS AND DISCUSSION

The defendant specifically argues the four-factor standard from *Frey v. Bowen,*

816 F.2d 508 (10th Cir.1987), does not apply when a claimant's noncompliance with a physician's recommendation is used only as a credibility consideration and not as a basis in itself for finding no disability. The defendant relies on *Qualls v. Apfel,* 206 F.3d 1368 (10th Cir.2000), in particular, the following:

> Plaintiff next challenges the ALJ's credibility determination on the ground that it is not supported by the evidence. Plaintiff first argues that the ALJ erred in relying on plaintiff's failure to take medication for severe pain.... Relying on our opinion in *Frey v. Bowen,* 816 F.2d 508 (10th Cir.1987), plaintiff also argues that the ALJ could not consider his failure to take pain medication in the absence of evidence that plaintiff had been prescribed pain medication and that it would have restored his ability to work if he had taken it. Plaintiff's reliance on our opinion in *Frey* is misplaced, because *Frey* concerned the circumstances under which an ALJ may deny benefits because a claimant has refused to follow prescribed treatment. *Id.* at 517; *see also* 20 C.F.R. § 404.1530; SSR 82–59, 1982 WL 31384 (S.S.A.) The ALJ here did not purport to deny plaintiff benefits on the ground he failed to follow prescribed treatment. Rather, the ALJ properly considered what attempts plaintiff made to relieve his pain—including whether he took pain medication—in an effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling. *See Hargis v. Sullivan,* 945 F.2d 1482, 1489 (10th Cir.1991); *Luna v. Bowen,* 834 F.2d 161, 165–66 (10th Cir.1987).

206 F.3d at 1372. The commissioner reads *Qualls* as holding that consideration of the *Frey* factors is required only when noncompliance is a reason for the ALJ's finding of no disability and not simply a factor in the ALJ's evaluation of the claimant's credibility. While certainly a possible reading of this decision, it overstates the holding and creates a conflict in Tenth Circuit case law.

The commissioner recognizes that the magistrate judge's use of the four-factor test was proper under the Tenth Circuit precedent of *Thompson v. Sullivan,* 987 F.2d 1482, 1490 (10th Cir.1993), where the court held:

> Second, before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider "(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." *Frey,* 816 F.2d at 517 (other citations omitted).

987 F.2d at 1490. The *Thompson* decision is not the only Tenth Circuit holding that applies the *Frey* factors to an ALJ's credibility finding. *See, e.g., Ragland v. Shalala,* 992 F.2d 1056, 1059–60 (10th Cir.1993). District courts within this circuit, including this court, have followed this holding in *Thompson. See, e.g., Stefanopoulos v. Barnhart,* 183 F.Supp.2d 1322, 1329 (D.Kan.2002); *Gobin v. Apfel,* 1998 WL 684237, at *6 (D.Kan. Sept. 15, 1998); *Walker v. Callahan,* 990 F.Supp. 1283, 1287 (D.Kan.1997).

The decision in *Qualls* makes no mention of *Thompson* or its holding. One appellate panel of the Tenth Circuit "cannot overrule the judgement of another panel ... absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *Burlington Northern and Santa Fe Ry. Co. v. Burton,* 270 F.3d 942, 947 (10th Cir.2001). The court is unaware of any en banc reconsideration of *Thompson* or a superseding decision by the Supreme Court. For this reason

alone, this court must view *Thompson* as the controlling precedent on this issue.

The court has no trouble reading *Qualls* so as to be consistent with *Thompson.* The claimant in *Qualls* argued "that the ALJ erred in relying on plaintiff's failure to take medication for severe pain" because there was evidence that he took pain pills from friends and because the ALJ did not have the evidence necessary to consider the *Frey* factors. 206 F.3d at 1372. As the Tenth Circuit observed, the credibility issue in *Qualls* was not whether the claimant had refused to follow prescribed treatment but whether he had attempted to relieve his pain, "including whether he took pain medication." *Id.* Thus, the panel in *Qualls* did not consider the rule from *Thompson,* as the ALJ had not denied benefits because the claimant had refused "to follow prescribed treatment." *Id.*

■ When a claimant has failed to lose weight as recommended by a physician, the courts have held that an ALJ may not summarily question the claimant's credibility on this basis without considering other factors. *See Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993) ("Without making a factual finding, the ALJ could not assume that Dodrill's obesity was remediable." "The ALJ was required to examine the medical conditions and personal factors that bear on whether Dodrill can reasonably remedy her obesity." (citation omitted)); *cf. Delaney v. Apfel,* 182 F.3d 931, 1999 WL 373274, at *2 (10th Cir.1999) ("[T]he ALJ improperly relied in part on his belief that plaintiff should have lost weight, without pointing to evidence that she was capable of losing weight or that any of her doctors had recommended to her that she lose weight.") "Obesity by itself does not mean the claimant has refused treatment. Nor does a physician's recommendation to lose weight necessarily constitute a prescribed course of conduct." *Graham v. Sullivan,* 794 F.Supp. 1045,

1052–53 (D.Kan.1992) (citing *McCall v. Bowen,* 846 F.2d 1317, 1319 (11th Cir. 1988)). For that matter, failing to lose weight is not akin to failure to follow a prescribed mode of recovery because weight loss is not like following a prescription or taking a pill. *Hammock v. Bowen,* 879 F.2d 498, 503–04 (9th Cir.1989).

The Ninth Circuit in *Hammock* summarized the law from other circuits concerning the effect of obesity in disability determinations:

> The Fifth Circuit has overruled *Stillwell* [*v. Cohen,* 411 F.2d 574 (5th Cir.1969) ] and now adheres to a new perspective on obesity. In *Scott v. Heckler,* 770 F.2d 482 (5th Cir.1985), the Fifth Circuit held that an ALJ is required to evaluate the impact of the claimant's obesity on her overall condition when determining disability. *Scott* recognized that while a claimant's impairments can be improved by simply following a doctor's orders to lose weight, losing weight is a task which is not equivalent to taking pills or following a prescription. *Id.* at 486.
>
> ... Moreover, the Sixth Circuit in *Johnson v. Secretary of Health & Human Servs.,* 794 F.2d 1106, 1112 (6th Cir. 1986), explained that the holding of *Stillwell* was premised on a set of regulations that have not been in force since 1979. After reviewing the purposes and intent of the 1979 obesity regulations, the Sixth Circuit concluded that it was "clear from the language of [the new section] and its promulgative history that obesity is a condition that can support a finding of disability." *Id.* at 1113.

879 F.2d at 503–04. The Tenth Circuit has followed this same approach:

> The ALJ concluded the record did not support plaintiff's complaints of pain such that he could not perform the full range of sedentary and light work. The ALJ did note plaintiff's weight as impacting on his complaints. However,

the ALJ did not base his determination on plaintiff's weight or on the consulting physician's observation that plaintiff's problems could be significantly relieved by weight loss. *See Johnson v. Secretary of Health & Human Servs.*, 794 F.2d 1106, 1113 (6th Cir.1986) (it is impermissible to presume obesity can be remedied; further, physician's recommendation to lose weight does not necessarily constitute prescribed course of treatment); *see also McCall v. Bowen*, 846 F.2d 1317, 1319 (11th Cir.1988) (same).

*Peden v. Shalala*, 7 F.3d 1045, 1993 WL 390981, at *2 (10th Cir.1993). In a footnote to this discussion, the Tenth Circuit observed that the holdings of *Garrett v. Califano*, 460 F.Supp. 888, 890 (D.Kan. 1978) and *Mayhue v. Gardner*, 294 F.Supp. 853, 857 (D.Kan.1968), *aff'd*, 416 F.2d 1257 (10th Cir.1969), that "obesity is a remediable condition and is not disabling," had been "overruled by the Secretary's own regulations." 7 F.3d 1045, 1993 WL 390981 at *2 n. 2.

The magistrate judge held that the ALJ properly considered the plaintiff's failure to remedy her obesity, "because if, medical evidence suggests weight loss would be effective in treating a claimant, failure to lose weight militates against a finding of disability. *Goodman v. Shalala*, 1993 WL 390384, at *8 n. 1 (D.Kan.1993)." (Dk. 17, p. 33). The district court disagrees with this blanket statement because the rule from *Goodman* is based on the *Mayhue* and *Garrett* decisions which were subsequently overruled by regulations as stated by the Tenth Circuit in *Peden*. In lieu of that statement, the court finds that the ALJ erred in considering this failure to lose weight as recommended by her employer's workers' compensation physician without also considering the relevant factors discussed in the prior two paragraphs and the similarly relevant factors from *Frey*. As the Fifth Circuit has explained "[s]ignificant weight loss is indeed difficult even for the iron willed. For the less determined, who suffer from other painful and debilitating impairments that restrict movement, and no doubt sap the resolve for self-improvement, such a significant loss of weight may be impossible." *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir.1987) (quoting *Scott v. Heckler*, 770 F.2d at 486–87 (5th Cir.1985)).

In all other respects, the magistrate judge's report and recommendation fully, fairly and accurately sets forth the law, findings and facts relevant to this appeal. Accordingly, the court accepts and adopts the report and recommendation except for its statement of law regarding obesity as taken from the *Goodman v. Shalala*.

IT IS THEREFORE ORDERED that the defendant's objection (Dk. 19) to the report and recommendation of Magistrate Judge O'Hara (Dk. 17) is overruled, that the report and recommendation is accepted and adopted except as noted above, and that the Commissioner's decision is reversed and remanded for further consideration consistent with this order and the report and recommendation.