**Debra K. PIATT, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 00–4113–JAR.**

United States District Court, D. Kansas.

Nov. 15, 2002.

Steven M. Tilton, Tilton & Tilton LLP, Topeka, KS, for Plaintiff.

D. Brad Bailey, Office of United States Attorney, Topeka, KS, for Defendant.

### ORDER DENYING MOTION FOR RELIEF FROM ORDER

ROBINSON, District Judge.

This matter is before the Court on Defendant's Motion for Relief From Its Order Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 13). In its September 27, 2002 Memorandum Order and Opinion Remanding (Doc. 11), this Court reversed and remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. In its ruling, the Court cited *Frey v. Bowen*[1] in finding that "[w]hile the ALJ may rely upon claimant's failure to pursue treatment or take medication for determination on credibility, the ALJ must consider whether such treatment would have restored claimant's ability to work."[2]

■ Defendant argues that the ALJ was not required to consider whether such treatment would have restored Plaintiff's ability to work, because pursuant to *Qualls v. Apfel*,[3] the *Frey* factors are not applicable when a claimant's noncompliance with recommended treatment is used only as a credibility consideration by the ALJ, and not as grounds to deny benefits.

This same argument, that *Frey* does not apply to determinations of credibility, was rejected by this court in *Goodwin v. Barnhart*.[4] In *Goodwin*, Judge Crow stated that such a reading of *Qualls* overstates its holding and creates a conflict in Tenth Circuit case law.[5]

In *Goodwin*, the court cited other Tenth Circuit cases, as well as cases from district courts within this circuit, all of which applied the *Frey* factors to an ALJ's credibility finding.[6] Notably, *Qualls* does not mention *Thompson v. Sullivan*,[7] where the Tenth Circuit held that:

> . . . [B]efore the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider '(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse.'

Acknowledging that "[o]ne appellate panel of the Tenth Circuit 'cannot overrule the judgment of another panel . . . absent en banc reconsideration or a superseding contrary decision by the Supreme Court,' " in *Goodwin* the court held that it must view *Thompson* as the controlling precedent on this issue.[8]

This Court further agrees with the analysis in *Goodwin* that Qualls can be read consistently with *Thompson* because Qualls dealt with a claimant's attempt to relieve his pain, and not a refusal to follow prescribed treatment.[9]

■ Defendant attempts to distinguish this case from *Thompson*, arguing that Plaintiff's nerve conduction test was for

---

1. 816 F.2d 508, 512 (10th Cir.1987).

2. September 27, 2002 Memorandum Order and Opinion Remanding at p. 14.

3. 206 F.3d 1368 (10th Cir.2000).

4. 195 F.Supp.2d 1293 (D.Kan.2002).

5. *Id.* at 1295.

6. *Goodwin,* 195 F.Supp.2d at 1295.

7. 987 F.2d 1482, 1490 (10th Cir.1993) (citing *Frey,* 816 F.2d at 517).

8. *Goodwin,* 195 F.Supp.2d at 1295–96.

9. *Id.* at 1296; *see also Bates v. Barnhart,* 222 F.Supp.2d 1252 (D.Kan.2002) (citing *Qualls* in a case dealing with claimant's failure to seek out medical care to obtain relief where claimant complains of disabling pain).

assessment, not "treatment," such that the *Frey* factors do not apply. Defendant cites no authority for this proposition, and provides no definition of "treatment." [10] And, because the treating physician's notes show that the doctor was **ordering** a nerve conduction test, not merely recommending or suggesting it, it was prescribed.

Black's Law Dictionary has defined treatment as "[a] broad term covering all the steps taken to effect a cure of an injury or disease; including examination and diagnosis as well as application of remedies." [11] In *Fricks v. Secretary of HHS*,[12] the court rejected the argument that a myelogram, as a mere test, was not included within the term "treatment" where a treating physician prescribed the myelogram to test the appropriateness of an operation. Other courts have assumed that diagnostic tests are included in the claimant's "treatment." [13]

Defendant brings this motion pursuant to Fed.R.Civ.P. 60(b)(1), alleging "legal error." Relief under Rule 60(b)(1) "is available only for obvious errors of law, apparent on the record." [14] There is no basis for relief where the issues are arguable and do not rise to the level of facially obvious errors of law.[15] Defendant has cited no authority for her argument that the nerve conduction test was not part of the claimant's "treatment" and therefore *Frey* was inapplicable. Defendant has not shown a "facially obvious error of law."

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Relief From Its Order Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 13) is DENIED.

IT IS SO ORDERED.

---

**10.** *See* 20 C.F.R. § 404.1502 (defining "treating source" as one providing treatment or evaluation, but not defining "treatment"); 20 C.F.R. § 404.1530 (dealing with the need to follow prescribed treatment, but not defining "treatment").

**11.** Black's Law Dictionary 1346 (5th ed.1979).

**12.** CCH Unemployment Insurance Reports ¶ 14,238 (E.D.Mich.1982).

**13.** *See, e.g., Guinn v. Sullivan*, 1990 WL 357252 at * 9 (W.D.Okla.1990) (assuming that a cardiac catheterization described as "diagnostic studies" was a prescribed treatment); *Young v. Califano*, 633 F.2d 469, (6th Cir. 1980) (assuming that a myelogram was "treatment" and focusing on whether it was "suggested" or "recommended" as opposed to "prescribed").

**14.** *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir.1991), *cert. denied* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992) (citations omitted).

