Arlene T. MURRAY, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 82–8785
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 26, 1984.

Rachael C. Henderson, Patricia Barron, Americus, Ga., for plaintiff-appellant.

Bernard Namie, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Arlene T. Murray appeals the district court's affirmance of the denial of Social Security disability benefits. 42 U.S.C.A. §§ 416(i), 423 (1983). Except for the erroneous application of the Secretary's regulations as to the effect of age on the disability claim, there is no error and there is substantial evidence to support the administrative law judge's decision.

Murray was a 45-year-old female at the date of the decision. She has a tenth grade education. Her past employment was that of a maid in private homes and as a farm laborer. According to Murray she is afflicted with several ailments including back pain, a nervous disorder, high blood pressure, and a tingling sensation in the right upper extremity and shoulder.

■ Murray argues the administrative law judge should have obtained a consultative examination as to her psychological problems. The only medical evidence of any psychological problem is the orthopedic report describing the claimant as a very anxious individual. She has never complained of mental problems. She has not been treated for such difficulties. The only testimony on this issue is claimant's. At the hearing, Murray testified that she does not drive because the last time she drove she thought she saw someone standing in the road. She indicated also that she sometimes hears voices, feels things are crawling on her, and gets nervous in crowds and around children.

Claimant's action is distinguishable from the cases cited to support her need for psychological examination. *See Ford v. Secretary of Health and Human Services*, 659 F.2d 66 (5th Cir. Unit B 1981); *Davis v. Califano*, 599 F.2d 1324 (5th Cir.1979); *Turner v. Califano*, 563 F.2d 669 (5th Cir. 1977); *McGee v. Weinberger*, 518 F.2d 330 (5th Cir.1975). There is no diagnosis of neurosis or psychosis in this action. In response to her request for psychological examination, the administrative law judge clearly stated that he would order a consultative examination if he felt it to be necessary. There is substantial evidence to support the administrative law judge's decision to not request a consultative examination.

■ As to claimant's allegations of pain, the administrative law judge considered these allegations and applied the proper standard. There is substantial evidence to support his decision.

■ The administrative law judge determined that the claimant could not return to her past work as a maid but that she had the residual functional capacity to do a wide range of light work. The basis for this decision was evidence showing that the claimant has hypertension under control, peptic ulcer disease that is controllable, mild to moderate degenerative changes in the cervical and lumbar spine, a mild right knee impediment, and allegations of pain that were not considered to be of sufficient severity or duration to be disabling. We are in agreement with *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 528–29 (6th Cir.1981), *cert. denied*, —— U.S. ——, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983), holding that non-exertional limitations can cause the grid to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at the designated level. *See also, Tucker v. Schweiker*, 689 F.2d 777, 780 (8th Cir.1982), and *Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 666 n. 8 (1st Cir.1981). The administrative law judge had substantial evidence to support his determination that the claimant could do a wide range of light work.

■ In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz*, —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to*, 711 F.2d 957, *modified*, 721 F.2d 1297 (11th Cir.1983), we held that the Secretary could

**936**

not use the grids that she had adopted concerning age to establish conclusively a claimant's ability to adapt. In *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984), we explained how the Secretary could use the age grids in establishing the claimant's ability to adapt. The evidentiary determination we outlined in *Reeves* has not been made in this case. The record shows the ALJ applied the age grids in a mechanical fashion. On remand the district court should give Murray the opportunity to make a proffer of evidence on her ability to adapt. If Murray makes a proffer of substantial evidence that an ALJ could find credible and tending to show that the claimant's ability to adapt to a new work environment is less than the level established under the grids for persons her age, the district court shall remand the case to the Secretary and direct that the Secretary reconsider the age/ability to adapt issue. If the claimant fails to make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need to remand to the Secretary.

VACATED and REMANDED.