Mary McCALL, Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D. Secretary of Health and Human Services, Defendant–Appellee.

No. 87–7291.

United States Court of Appeals, Eleventh Circuit.

June 13, 1988.

---

Lawrence F. Gardella, Legal Services Corp. of Alabama, Inc., Montgomery, Ala., for plaintiff-appellant.

John C. Bell, U.S. Atty., Charles R. Niven, Dvaid L. Allred, Thelma Harmon, Asst. U.S. Attys., Montgomery, Ala., for defendant-appellee.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and PECK *, Senior Circuit Judge.

PER CURIAM:

Mary McCall appeals the district court's affirmance of the Secretary of Health & Human Service's decision denying her claim for Supplemental Security Income (SSI) benefits. Because it appears that the plaintiff's obesity of itself was taken as evidence that she had refused to follow a prescribed course of treatment, and because the Secretary failed to order consultation with a psychiatrist or psychologist in accordance with 42 U.S.C.A. § 421(h), the order of the district court is vacated and the case is remanded to the district court for remand to the Secretary for further proceedings.

In her initial claim for Social Security Disability Benefits, plaintiff Mary McCall alleged disability as a result of arthritis, back and heart problems. Plaintiff testified that she was no longer capable of working as a maid and housekeeping supervisor because of these disabilities. She testified that as a result of problems with her nerves she has experienced pain in her chest and face and has on occasion passed out. These physical impairments she contends were complicated by problems with her nerves and memory.

It is undisputed that in January 1982 McCall injured her back and was hospitalized for pain in her lower back and left leg. The attending physician suggested that she was suffering from degenerative joint disease and obesity. In April 1982, her treating physician indicated that she "may be developing a disc or nerve root problem"

---

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designa-     tion.

and could not "return to her normal type of work." She was again hospitalized in January 1983 and diagnosed as suffering from acute and chronic low back pain with mild degenerative arthritis of the lumbar spine. Her treating physician noted that her low back pain was "certainly aggravated by her weight" and that she was not a surgical candidate for fusion because of her weight. She was advised to lose weight, but had problems doing so. At the time of the administrative hearing, plaintiff was 50 years old, carrying 173 pounds on a five foot two and one-half-inch frame.

Plaintiff's first contention is that the Secretary's decision to deny benefits was implicitly grounded in the presumption that her obesity was within her control and could not be considered a disabling condition. This presumption is based on the ALJ's statement that

> [t]he medical evidence shows claimant was diagnosed as having exogenous obesity, however, this obesity is not accompanied by any of the attendant findings usually present when it is considered disabling. This condition is also one which is primarily within the control of the claimant herself.

Plaintiff's allegations of pain were also discredited by the ALJ stating that her "back pain would be significantly improved with a significant weight loss." The implication from these statements is not cured by the ALJ's ultimate conclusion that

> [t]he record in this case simply does not indicate an impairment or combination of impairments of such severity as to preclude the claimant from performing light work which would include her past work as a domestic worker.

It remains clear that the finding of no disability was colored by the implication that her obesity was remediable.

The district court explicitly relied on this presumption. In reviewing the denial of disability benefits, the court stated "that if an impairment can reasonably be remedied or controlled by treatment, it cannot serve as a basis for a finding of disability." *McCall v. Bowen*, Civil Action No. 86–D–404–N (M.D.Ala.1987) (citing *Epps v. Harris*, 624 F.2d 1267, 1270 (5th Cir.1980) and *Stillwell v. Cohen*, 411 F.2d 574, 576 (5th Cir.1969)).

The Secretary similarly puts forward an incorrect standard before this Court. The Secretary argues that McCall's back pain cannot serve as a basis for a finding of disability because McCall "has failed to lose the weight which would improve her back pain."

■ Under the application of the proper standard established by the precedents of this Court, the Secretary may deny SSI disability benefits only when a claimant, without good reason, fails to follow a prescribed course of treatment that could restore her ability to work. 20 C.F.R. § 416.930; *see Patterson v. Bowen*, 799 F.2d 1455, 1460 (11th Cir.1986) (interpreting 20 C.F.R. § 404.1530 which permits denial of disability benefits for failure to follow prescribed treatment). In the instant case, the Secretary has not made the express findings mandated by 20 C.F.R. § 416.930 prior to denying McCall's application for SSI disability benefits. Admittedly, plaintiff's physicians advised her to lose weight, and the record clearly indicates her condition would improve if she did so, but no evidence has been presented suggesting that plaintiff has refused to follow a plan of prescribed treatment. A physician's recommendation to lose weight does not necessarily constitute a prescribed course of treatment, nor does a claimant's failure to accomplish the recommended change constitute a refusal to undertake such treatment. *Johnson v. Secretary of Health and Human Services*, 794 F.2d 1106, 1113 (6th Cir.1986). McCall's obesity, of itself, does not justify the conclusion that she has refused treatment nor the consequent denial of disability benefits. *See Johnson*, 794 F.2d at 1113 ("it is impermissible ... to presume that obesity can be remedied."); *Stone v. Harris*, 657 F.2d 210, 212 (8th Cir.1981). Further findings of fact and conclusions of law are required before the Secretary may determine that a claimant has refused treatment. *See Scott v. Heckler*, 770 F.2d 482, 486 (5th Cir.1985).

Plaintiff's second contention is that the Secretary improperly concluded that no mental or emotional basis existed for plaintiff's inability to perform her work activities since no doctor's report in the record mentioned the existence of a mental or emotional problem. In the instant case, plaintiff's physicians have at times suggested that she might be suffering from a psychological condition. They have informed her that she suffered from "anxiety and nerves and a lot of stress," they have commented that she was "somewhat apprehensive," and they have prescribed Valium for her anxiety.

Such evidence may not have been sufficient to require the ALJ to request a consultative psychological examination under this Court's decision in *Murray v. Heckler*, 737 F.2d 934, 935 (11th Cir.1984). *Murray*, however, was decided before the effective date of Section 8(a) of the Social Security Disability Benefits Reform Act of 1984, which appears to require a consultative examination on less evidence than may have been required previously. The ALJ's decision was dated September 30, 1985. This section, which became effective in 1984, specifically provides that "in any case where there is evidence which indicates the existence of a mental impairment" the Secretary may determine that the claimant is not under a disability "only if the Secretary has made every reasonable effort" to obtain the opinion of "a qualified psychiatrist or psychologist." 42 U.S.C.A. § 421(h); *see generally* H.R.Rep. No. 98–618, 98th Cong., 2d Sess., *reprinted in* 1984 *U.S. Code Cong. & Admin.News* 3038. Along with her own testimony of mental problems, the suggestions made by her treating physicians might well be enough to require the appointment of a psychiatrist or psychologist under the requirements of section 421(h). Certainly, since the case has to be remanded for proper handling of the overweight problem, the applicability of section 421(h) must be carefully considered. The need for such a consultation would be especially important if the failure to lose weight under a prescribed course of treatment has a psychological overlay.

For the reasons articulated in this decision, the order of the district court is vacated and McCall's claim is remanded to the district court for remand to the Secretary for further proceedings consistent with this opinion.

VACATED and REMANDED.