**Rachele RUSS, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

No. 3:04–CV–463–J–HTS.

United States District Court, M.D. Florida, Jacksonville Division.

March 29, 2005.

Erik William Berger, Law Office of Erik S. Berger, Jacksonville, FL, for Plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Tampa, FL, for Defendant.

### *OPINION AND ORDER* [1]

SNYDER, United States Magistrate Judge.

This cause is before the Court seeking review of the final decision of the Commissioner of Social Security (Commissioner) denying applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act. Administrative remedies have been exhausted, and the case is properly before the Court.

Rachele Russ filed applications for DIB and SSI in 1999. After the applications were denied initially and on reconsideration, Administrative Law Judge John Marshall Meisburg Jr. (ALJ) conducted a hearing on March 28, 2001. At the hearing, testimony was given by Claimant, who was represented by counsel.

In a Decision dated May 20, 2002, the ALJ found Ms. Russ was not entitled to benefits. *See* Transcript of Administrative Proceedings (Tr.) at 40, 42 (Finding 13), 43. The Appeals Council determined no basis existed for granting review and the Commissioner's decision became final.

### *I. Standard of Review*

"Disability" is defined in the Social Security Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). In evaluating whether a

---

1. The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Refer- ence—Exercise of Jurisdiction by a United States Magistrate Judge (Doc. # 6).

claimant is disabled, the ALJ must follow the sequential inquiry described in the regulations.[2]

The Commissioner's final decision may be reviewed by a district court pursuant to 42 U.S.C. § 405(g). "[F]actual findings are conclusive if . . . supported by 'substantial evidence,'" but the application of legal principles is examined "with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir.2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)); *see also Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir.1993) ("[N]o presumption of validity attaches to the . . . determination of the proper legal standards to be applied in evaluating claims.").

■■■ Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). "'If the Commissioner's decision is supported by substantial evidence, [the reviewing court] must affirm, even if the proof preponderates against it.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir.2005) (per curiam) (quoting *Phillips*, 357 F.3d at 1240 n. 8); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir.2003) (per curiam). In determining whether substantial evidence supports a finding, portions of the transcript are not viewed in isolation, but are examined for their impact upon "the record as a whole." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir.1997). However, the existence of substantial evidence in the record favorable to the Commission-

er may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir.1994).

## II. Analysis

Plaintiff argues "[t]he ALJ erred in failing to apply the correct legal standards under 20 C.F.R. § 404.1530 and Social Security Ruling 82–59 and his decision is not supported by substantial evidence." Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. # 10) at 1. She contends the judge incorrectly determined that she "failed to follow prescribed treatment and that if she had followed such treatment her ability to work would have been restored[.]" *Id.* at 5.

■■■ Where prescribed medical treatment would restore the ability to work, a claimant's "'refusal to follow [that] treatment without a good reason will preclude a finding of disability[.]'" *Ellison*, 355 F.3d at 1275 (quoting *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir.1988)); *see* 20 C.F.R. §§ 404.1530, 416.930. An ALJ must make explicit findings in this regard if benefits are to be denied. *See Dawkins*, 848 F.2d at 1213.

■■■ In cases involving obesity, "[a] physician's recommendation to lose weight does not necessarily constitute a prescribed course of treatment, nor does a claimant's failure to accomplish the recommended change constitute a refusal to undertake such treatment." *McCall v. Bow-*

---

**2.** The process involves five questions posed until a finding of disability is either precluded or mandated. The questions are as follows: (1) Is the claimant engaged in substantial gainful activity?; (2) If not, does the claimant suffer from a severe impairment?; (3) If yes, does the claimant's impairment meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?; (4) If not, can the claimant perform his or her former work?; (5) If not, can he or she engage in other work of the sort found in the national economy? *See* 20 C.F.R. §§ 404.1520(a)-(g); 416.920(a)-(g); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir.2004).

*en*, 846 F.2d 1317, 1319 (11th Cir.1988) (per curiam). "[L]osing weight is a task which is not equivalent to taking pills or following a prescription." *Hammock v. Bowen*, 879 F.2d 498, 504 (9th Cir.1989).

■ Here, the ALJ determined "[t]he claimant was disabled as of the alleged onset date of April 29, 1997." Tr. at 42 (Finding 13). Nevertheless, he concluded the duration requirement had not been met because "failure to follow prescribed treatment has occurred and it is not justifiable[.]" *Id.; see also id.* (Finding 12) ("If the claimant had followed said prescribed treatment at the time of the alleged onset date, [she] would have been restored to substantial gainful activity[.]").

The judge's basis for denying benefits is not supported by substantial evidence. Concerning failure to follow prescribed treatment, he stated a physician had "urged [her] to continue losing weight[,] but [she] failed to do so." *Id.* at 39. While he also mentioned Plaintiff was placed on a diet, *id.*, the ALJ apparently equated compliance with success. He acknowledged—and did not discredit—her testimony "that she tried to follow the diet and that she did not eat very much. However, she said that she was still not able to lose weight." *Id.; see also id.* at 245 (report of "no weight loss" despite reduced food intake post-surgery); *id.* at 404–06. Given the nature of obesity as acknowledged by the legal system, Ms. Russ's mere "failure to accomplish the recommended change" does not establish a refusal of prescribed treatment. *McCall*, 846 F.2d at 1319.

■ The ALJ's application of the law was flawed in another respect as well. Even assuming Claimant refused to comply with prescribed treatment, the judge lacked a sufficient basis to decide treatment compliance would have restored Plaintiff's ability to work. His conclusion in this regard is based on responses to interrogatories sent to a treating physician. *See* Tr. at 39, 379–80. This evidence falls short of showing even flawless adherence to a diet and exercise program would have resulted in an ability to maintain gainful employment. The physician opined simply that Plaintiff's condition may have improved were such treatment undertaken when first prescribed,[3] and that tardy compliance would result in improvement. *Id.* at 380. A potential for non-quantified improvement is too amorphous to justify concrete functional capacity findings. Accordingly, as has been observed, "[i]mprovement does not equal an ability to work." *Seals v. Barnhart*, 308 F.Supp.2d 1241, 1252 (N.D.Ala.2004). Since the ALJ marshaled no other support for his conclusion, he must be considered to have erred in applying the relevant standard. Though the ALJ's decision about disability may have been a fairly close one, *see id.* at 40, in view of the errors discussed herein this case must be remanded.

### III. Conclusion

In light of the foregoing, it is hereby **ORDERED**:

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and 1383(c)(3) **RE-**

---

**3.** It is noted the doctor did not state a belief about whether Plaintiff complied with his advice. Rather, he indicated he did not know if such had occurred. *Id.* at 379. The resulting awkwardness of describing the doctor's opinion as to what would have happened *had she complied* is introduced by the ALJ's questioning, which itself assumes noncompliance. Also, the Court observes that while the ALJ at one point indicated the interrogatories would be revised in accordance with proposals made by Plaintiff's attorney, *see id.* at 76, the record does not include responses by the physician to the additional questions.

VERSING the Commissioner's decision and **REMANDING** this matter with instructions to 1) reconsider whether Plaintiff refused to follow prescribed treatment, remaining cognizant of the fact lack of success in losing weight is not equivalent to noncompliance; 2) re-evaluate, if appropriate in light of the resolution of instruction number 1, whether Claimant's ability to work would have been restored had treatment not been refused; and 3) conduct any further proceedings deemed necessary.