[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-12693
Non-Argument Calendar
_____

FILED

J.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2006
THOMAS  K. KAHN
CLERK

D. C. Docket No. 04-00453-CV-G-NE

DEBORAH M. SNEED,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of Social Security Administration,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(December 22, 2006)**



Before BIRCH, BLACK and FAY, Circuit Judges.

PER CURIAM:

Deborah Sneed appeals the district court's order affirming the Commissioner's denial of her application for disability insurance benefits, 42 U.S.C. § 405(g). On appeal, Sneed argues that (1) the Appeals Council erred in failing to properly consider new evidence, (2) the administrative law judge ("ALJ") failed to fully and fairly develop the record regarding Sneed's mental condition, (3) the ALJ failed to properly consider the effects of the combination of Sneed's impairments, and (4) the Appeals Council did not give proper weight to the records and opinions of the treating physician.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. See Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). We "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather we "must defer to the Commissioner's decision if it is supported by substantial evidence." Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996) (internal citations omitted). In addition, we will not consider an argument that a claimant did not raise before the administrative agency or the district court. Kelley v. Apfel, 185 F.3d 1211, 1215 (11th Cir. 1999).

To establish disability, a claimant must first show that she became disabled

during the time for which she was insured by Social Security. 20 C.F.R. § 404.131(a); Ware v. Schweiker, 651 F.2d 408, 411 n.3 (5th Cir. Unit A July 1981). The claimant must demonstrate disability on or before the last date for which she was insured. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ must evaluate the following five criteria in deciding whether a claimant is entitled to social security disability: (1) "[i]s the individual performing gainful activity"; (2) "[d]oes she have a severe impairment"; (3) "[d]oes she have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) "[c]an she perform her past relevant work"; and (5) "[b]ased on her age, education, and work experience, can she perform other work of the sort found in the national economy." Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

1.      Appeals Council's Refusal to Consider New Evidence

On appeal, Sneed argues that the Appeals Council erred in failing to consider new evidence that she presented and to review or remand her case. She contends that she had good cause for failing to submit medical records, tests, and opinions of Dr. Craze and cardiologists Drs. Hartley and Wright[1] because they

_____

[1]Although Sneed complains at this point in the brief about the omission from the record of the medical records of Dr. Craze and "cardiologists Drs. Woodard and Wright," which "were not generated until after the hearing," it appears that she actually means Drs. Hartley and Wright. In her Statement of the Facts, Sneed notes that she submitted Dr. Craze's record, including the October

3

were not generated until after the hearing.  These documents provided noncumulative evidence supporting her claims of weakness, pain, swelling of the feet, mental depression, and confusion.  Sneed continues by arguing that Dr. Craze's report establishes disability.

The Appeals Council has discretion not to review the ALJ's denial of benefits; however, the Appeals Council must consider new and material evidence in making its decision whether to review an ALJ's decision.  Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998).  The Appeals Council must evaluate new and material evidence submitted to it if the evidence relates to the period on or before the date of the ALJ's hearing decision.  Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)).  The Appeals Council must show in its written denial of review that it has adequately evaluated the new evidence.  Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980).

Because the Appeals Council's refusal to consider the submission of new evidence before denying review amounts to an error of law, that decision is subject to judicial review.  See Keeton, 21 F.3d at 1066.  If the Appeals Council has already issued a final decision denying review, however, its refusal to reopen the

2003 referred consults to cardiologists Drs. Hartley and Wright.  Unlike the reports from Drs. Hartley and Wright, Dr. Woodard's report was before the ALJ.

case is generally not subject to judicial review under 42 U.S.C. § 405(g). Cash v. Barnhart, 327 F.3d 1252, 1256-57 (11th Cir. 2003) (recognizing exception when claimant raises colorable constitutional issue).

In this case, the Appeals Council found no reason to reopen and change its January 8, 2004, decision based on the evidence from Dr. Craze that was submitted. Although Sneed's attorney claimed that he had sent this evidence beforehand, that argument goes to the merits of the Appeals Council's decision to deny the motion to reopen. The Appeals Council considered the evidence submitted before its initial denial of review, and we lack jurisdiction to review the Appeals Council's refusal to reopen.

**2.      ALJ's Obligation to Develop the Record on Sneed's Mental Condition**

Sneed complains that, although she testified to behavior seemingly consistent with depression, the ALJ did not request any consultative exams.

The ALJ is under no obligation to seek independent, additional expert medical testimony before concluding that an impairment is not severe. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). When the record is based upon the opinions of several physicians, there is no need for additional expert testimony. Id. In any case where there is evidence that indicates the existence of a mental impairment, the Commissioner may determine that the claimant is not under a

5

disability, only if the Commissioner has made "every reasonable effort to obtain the opinion of a qualified psychiatrist or psychologist." McCall v. Bowen, 846 F.2d 1317, 1320 (11th Cir. 1988) (quoting 42 U.S.C. § 421(h)). McCall interprets § 421(h), which requires an ALJ to order a psychological consultation where there is evidence of a mental impairment. The Third Circuit has held that the normal requirement to order a psychiatric consult pursuant to § 421(h) does not apply to cases falling under the limited exception found in § 421(d), or cases heard by an ALJ. Plummer v. Apfel, 186 F.3d 422, 433 (3rd Cir. 1999) (holding that § 421(h) consultation requirement applies only to cases falling under § 421(a), (c), (g), (I) at the initial and reconsideration levels). In such cases, an ALJ has regulatory flexibility to evaluate mental impairments to determine their severity. Id.; see also 20 C.F.R. § 404.1520a (evaluation of mental impairments).

As an initial matter, we must determine whether Sneed has properly preserved this issue for review. Although Sneed did not raise this issue as a separate issue before the district court, she did argue that the Commissioner did not consider "the effects of Dr. Craze's opinions regarding Sneed's marked restrictions in ability to respond to customary work pressures, or to maintain attention, concentration or pace for at least two hours." She continues that "[t]here is no evidence that the [Commissioner] considered this impairment in combination with

6

the physical impairments." Thus, we conclude that Sneed preserved the issue.

Nevertheless, the only evidence Sneed cites is evidence that was presented to the Appeals Council after it denied review. Not only was this evidence not before the ALJ, Dr. Craze did not make this report until December 9, 2003, four months after the ALJ's August 8, 2003, decision. It is thus unclear how the ALJ erred in failing to consider this evidence and to request any consultative examinations based upon it before determining that Sneed did not suffer from a severe mental impairment. See 20 C.F.R. § 404.131(a) ("To establish a period of disability, [the claimant] must have disability insured status in the quarter in which [the claimant] becomes disabled or in a later quarter in which [the claimant is] disabled.").

The references to Sneed's depression that were before the ALJ are only sporadic and indicate no severe mental disorders. Specifically, Sneed testified that she was tearful and that she was on Zoloft, which is an antidepressant. Medical records indicate that she was also on Xanax, which treats anxiety, and that she had a "fair prognosis" from her diagnosis of depression. These brief references to depression, which was apparently being treated with medication, were insufficient to trigger the ALJ's duty to obtain a psychological consultative report.

3.    **ALJ's Consideration of Effects of Combination of Sneed's Impairments**

Sneed next argues that the ALJ failed to evaluate whether the combination of

her impairments would be disabling due to her limited ability to engage in the basic work activities. Specifically, she contends that the ALJ failed to address the effects of Sneed's apparent arthritis, her physiological age, the low ejection fraction initially found following the heart attack, and Sneed's fatigue and weakness.

When a claimant alleges several impairments, the ALJ has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled. Jones v. Dep't of Health & Human Servs., 941 F.2d 1529, 1533 (11th Cir. 1991). The ALJ can satisfy this duty by stating that he considered whether the claimant suffered from any impairment or combination of impairments. Id.

The ALJ's determination in this case evidences consideration of the combined effect of Sneed's impairments. The ALJ twice noted Sneed's arthritis and depression, as well as her "allegations of disabling pain and other symptoms," including her testimony that she tired easily and suffered from swelling in her leg and back. The ALJ made no finding as to Sneed's physiological age but did note her date of birth and found that she was "closely approaching advanced age. The ALJ did not specifically note Sneed's low ejection fraction but twice noted that the record showed "good results" from the bypass surgery. The ALJ concluded that

8

Sneed did not have "an impairment or combination of impairments listed in, or medically equal to one listed in [20 C.F.R. Pt. 404, Subpt. P, App. 1]."

Although Sneed complains that the ALJ did not consider her physiological age, part of the evidence that her health was more consistent with someone 55 years old or older was from Dr. Craze's report from December 2003. As stated above, this evidence was not before the ALJ, and we lack jurisdiction to review the Appeals Council's decision not to reopen the case to make this evidence part of the record. Dr. Henderson made the same finding regarding Sneed's physiological age. The Appeals Council made Dr. Henderson's statement part of the record after the ALJ's decision was rendered. Dr. Henderson's letter was dated June 2003, however, and there was no evidence of Sneed's physiological age on or before September 30, 2001, her deadline for onset of disability. We conclude that the ALJ's determination evidences consideration of the combined effect of Sneed's impairments, in light of all the evidence that was properly before the ALJ.

4.      **Weight Given to Records and Opinion of Treating Physician**

Sneed next contends that the Appeals Council erred in dismissing the opinions of Dr. Craze, Sneed's treating physician, because Dr. Craze related her opinions to the period following recuperation from Sneed's triple bypass.

As discussed above, Dr. Craze's records were not properly before the ALJ

and were not submitted to the Appeals Council until after it rendered its initial decision denying review. Under 42 U.S.C. § 405(g), we lack jurisdiction to review the Appeals Council's decision not to reopen the case, in light of Dr. Craze's opinions and records.

Upon review of the administrative and district court records and the briefs on appeal, we affirm.

**AFFIRMED.**