# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1496

_____

David Sandifer,

        Appellant,

v.

Michael J. Astrue, Commissioner
of Social Security,

        Appellee.

\*    Appeal from the United States
\*    District Court for the Western
\*    District of Missouri.

\*    [UNPUBLISHED]

_____

Submitted: September 3, 2009
Filed: September 4, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

David Sandifer appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. Under the applicable standard of review, see Mueller v. Astrue, 561 F.3d 837, 840 (8th Cir. 2009), we find no basis for reversal.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Sandifer alleged disability since October 1999 from, among other things, multiple musculoskeletal problems, depression, and complete hearing loss in his left ear. After a 2005 hearing, where Sandifer was counseled, an administrative law judge (ALJ) found that Sandifer's specified impairments, alone or combined, did not meet or equal the requirements of any listing; his subjective complaints were not credible; and while his residual functional capacity for sedentary work with certain other limitations precluded his past relevant work, under the Medical Vocational Guidelines (Grids), he was not disabled. The Appeals Council denied review, and the district court affirmed.

We reject Sandifer's challenge to the ALJ's reasons for discrediting Sandifer's subjective complaints regarding the implications of his hearing loss, see Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008) (credibility questions are for ALJ in first instance, and if ALJ expressly discredits claimant and gives good reasons for doing so, his judgment is normally entitled to deference); and Sandifer does not challenge the multiple other reasons the ALJ gave for discounting Sandifer's remaining subjective complaints, see JCB, Inc. v. Union Planters Bank, NA, 539 F.3d 862, 875 n.8 (8th Cir. 2008) (to be reviewable, issue must be presented in brief with some specificity). As to Sandifer's primary argument--that the ALJ erred in relying on the Grids to determine there were jobs Sandifer could perform--we find no error. Substantial evidence supports the ALJ's determination that Sandifer's nonexertional limitations, as identified by a Social Security Administration reviewing physician, did not significantly compromise Sandifer's ability to perform sedentary work, and the ALJ's determination that there were no other credible, medically established mental or nonexertional limitations. See Baker v. Barnhart, 457 F.3d 882, 894-95 (8th Cir. 2006) (Grids may be used where nonexertional limitations do not significantly limit claimant's residual functional capacity to perform full range of Grids-listed activity).

Accordingly, we affirm.

_____