# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2939

_____

Ramona Teague,

        Plaintiff - Appellant,

v.

Michael J. Astrue, Commissioner
of Social Security,

        Defendant - Appellee.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Eastern
District of Missouri.

_____

Submitted: April 15, 2011
Filed: May 5, 2011

_____

Before LOKEN and MURPHY, Circuit Judges, and JARVEY,[1] District Judge.

_____

MURPHY, Circuit Judge.

Ramona Teague sought disability insurance benefits under the Social Security Act, alleging that migraine headaches, affective mood disorder, and myofascial back pain left her unable to work. An administrative law judge (ALJ) concluded that Teague's residual functional capacity would allow her to perform past relevant work and denied her application. The appeals council denied further administrative review

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

and Teague brought this action for judicial review. The district court[2] affirmed. Teague now appeals, arguing that the decision of the ALJ is unsupported by substantial evidence. We affirm.

Teague has an extensive medical history. Between January 2005 and August 2008, she was treated or examined by several different physicians for a number of ailments, including migraine headaches, back pain, and depression. From January to 2005 to August 2008, Teague made at least 15 separate visits to Katherine Lowder, M.D., in which she reported migraine headaches. Dr. Lowder prescribed medication for the headaches and also for depression, which she diagnosed in January 2005. Although Teague reported some improvement in September 2005 and February 2006, she continued to report migraines and depression in visits with Dr. Lowder through August 2008. From April through November 2005, Teague saw Susan Dobmeyer, M.D., who administered epidural botulinum (botox) injections to treat Teague's migraines. Dr. Dobmeyer noted that Teague had "good" or "excellent" responses to the injections. This corresponds with the improvement reported to Dr. Lowder.

Beginning in August 2005, Teague saw Ashok Kumar, M.D., for her back pain. Dr. Kumar administered epidural injections and prescribed medication and physical therapy. Teague reported some improvement in a September 2005 followup appointment, but she returned to Dr. Kumar in late December 2005 describing worse symptoms. Reviewing Teague's MRI and x-ray results, Dr. Kumar told Teague he was "at a loss to explain her severe symptoms despite the negative investigations." Dr. Kumar ordered a bone scan to check for previously undiscovered abnormalities and found none.

---

[2]The Honorable Mary Ann Medler, United States Magistrate Judge for the Eastern District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

Teague applied for disability insurance benefits on April 19, 2007. In July, she visited Riaz A. Naseer, M.D., for a consultative examination. Dr. Naseer noted that Teague had difficulty with bending; her range of motion was limited in the hips and lower spine but was otherwise normal. On the same day Teague saw Lloyd Earwin Moore, Ph.D., who performed a psychological evaluation. He diagnosed major depressive disorder. Subsequently Teague's counsel submitted a medical source statement (MSS) from Dr. Lowder in which she reported that Teague could stand and/or walk continuously for ten minutes, sit continuously for one hour, and occasionally lift and/or carry up to five pounds. According to the MSS, Teague could occasionally balance but could never climb, stoop, kneel, crouch or bend.

When Teague's application was denied, she brought appeal proceedings before an ALJ. At the hearing Teague testified that she had migraine headaches, back pain, and depression. She reported that she could sit for only about 20 minutes or stand or walk for 10 to 30 minutes. As to her daily activities, Teague testified that she would occasionally help prepare meals, do light house work, and run errands. She also reported that she played piano at church once or twice a month. She reported no difficulty with mental tasks. A vocational expert testified that a hypothetical individual who could lift and carry up to ten pounds, stand and walk for two hours, and sit for six hours during an eight hour workday could perform Teague's past relevant work as a customer service representative.

The ALJ engaged in the five step inquiry outlined in 20 C.F.R. § 404.1520. At the first step, he determined that Teague had not engaged in substantial gainful activity since her application for benefits. See 20 C.F.R. § 404.1520(a)(4). Next, he determined that her affective mood disorder, migraine headaches, and myofascial back pain were severe impairments. See id. In the third step, the ALJ decided that Teague's impairments did not automatically qualify her for benefits. See id. Before reaching the fourth and fifth steps, the ALJ determined that Teague had the residual functional capacity to perform sedentary work. See id. At the fourth step, he

determined that she could perform her past relevant work as a customer service representative; as a result, he did not reach the fifth and final step. See id. Because she could perform her past relevant work, the ALJ found that Teague was not disabled and denied her claim.

The appeals council denied further review and Teague sought judicial review in the district court. The agency decision was affirmed in the district court. This appeal followed.

We review de novo a district court's decision affirming the denial of social security benefits. Zeiler v. Barnhart, 384 F.3d 932, 935 (8th Cir. 2004). We will affirm the decision of the ALJ if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the conclusion." Finch, 547 F.3d at 935 (quotations omitted). We may not reverse simply because we would have come to a different conclusion. Id.

Teague first argues that the ALJ improperly discredited her testimony regarding her migraine headaches, leaving the determination of her residual functional capacity unsupported by substantial evidence.

The claimant bears the burden of proving disability. E.g., Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004). When analyzing a claimant's subjective complaints of pain, the ALJ must examine: (1) the claimant's daily activities, (2) the duration, frequency and intensity of the pain, (3) precipitating and aggravating factors, (4) the dosage, effectiveness and side effects of any medication, and (5) functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ may properly discount the claimant's testimony where it is inconsistent with the record. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004).

-4-

Teague points out that the record "demonstrates numerous and frequent complaints of migraine headaches throughout [her] medical history." The ALJ found, however, that there was "little evidence in the record" to support Teague's claims of "pervasive occurrence of debilitating headaches." The ALJ noted that CT scans and neurological examinations had not revealed "significant abnormalities or deficits" that could be attributed to the headaches, nor did the record document any medical findings of "specific limitations related to migraine headaches."

We conclude that substantial evidence supported the ALJ's decision to discredit Teague's subjective complaints. Given that none of Teague's doctors reported functional or work related limitations due to her headaches, there was a basis to question Teague's credibility. See Eichelberger, 390 F.3d at 590. Under the facts of this case, we cannot say that the ALJ improperly weighed the credibility of Teague's claims.

Teague next argues that the ALJ improperly weighed the opinions of Dr. Lowder and Dr. Moore regarding her back pain and mental condition. A treating physician's opinion is generally given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2). The statements of a treating physician may be discounted, however, if they are inconsistent with the overall assessment of the physician or the opinions of other physicians, especially where those opinions are supported by more or better medical evidence. Prosch v. Apfel, 201 F.3d 1010, 1013–14 (8th Cir. 2000). A single evaluation by a nontreating psychologist is generally not entitled to controlling weight. Clark v. Apfel, 141 F.3d 1253, 1256 (8th Cir. 1998).

Dr. Lowder's MSS, procured and submitted by counsel after the initial denial of benefits, provided the only direct evidence of functional limitations tied to Teague's back pain. Given that the "check-off form" did not cite any clinical test

-5-

results or findings and Dr. Lowder's previous treatment notes did not report any significant limitations due to back pain, the ALJ found that the MSS was entitled to "little evidentiary weight." The ALJ also noted that Dr. Kumar's testing revealed little objective evidence of abnormality and that Dr. Naseer recorded that Teague had mostly normal range of motion and physical capacity. Dr. Moore, the consulting psychologist, reported limitations as to Teague's daily activities and opined that her concentration, persistence, and pace could be limited by depression. The ALJ noted, however, that the limitations noted in that report were based on Teague's subjective complaints of headaches, back pain, and depression, not "objective or clinical findings."

Substantial evidence supported the ALJ's decision to discount the opinions of Dr. Lowder and Dr. Moore regarding Teague's functional limitations. Dr. Lowder's MSS did not cite clinical test results, observations, or other objective findings as a basis for determining Teague's capabilities. The MSS was inconsistent with both Dr. Lowder's own notes, which reported no findings of significant limitation or inability to work, and Dr. Kumar's findings, which were based on clinical tests and observations. Dr. Moore's report also cited only limitations based on Teague's subjective complaints, not his own objective findings. We conclude that the ALJ properly weighed the physicians' opinions in determining Teague's residual functional capacity.

For these reasons, we affirm the judgment of the district court.

_____