# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1524

_____

Argie Alford Phillips,                          *
                                                *
            Appellant,                          *
                                                *     Appeal from the United States
      v.                                        *     District Court for the Western
                                                *     District of Arkansas.
Michael J. Astrue, Commissioner                 *
Social Security Administration,                 *     [UNPUBLISHED]
                                                *
            Appellee.                           *

_____

Submitted: August 25, 2011
    Filed:  September 26, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


        Argie Alford Phillips appeals the district court's order affirming the denial of disability insurance benefits. Phillips alleged disability from arthritis, diabetes, finger numbness and tingling, and back problems. After a hearing, where Phillips was counseled, an administrative law judge (ALJ) found that (1) Phillips's date last insured was December 31, 2010; (2) he had not engaged in substantial gainful activity (SGA) since January 2004; (3) his well controlled diabetes was not a severe impairment; (4) his severe impairments--carpal tunnel syndrome (CTS) and back disorders--did not meet or equal a listing, alone or combined; (5) his subjective

complaints were not entirely credible; (6) the residual functional capacity (RFC) opinion of his treating physician, Dr. Joel Cheong, was not entitled to significant weight; and (7) and based on a vocational expert's (VE's) testimony, Phillips's RFC did not preclude performing his past relevant work (PRW).[1] The Appeals Council denied review, and the district court affirmed. This court reviews de novo a district court's decision upholding the denial of benefits, affirming if the ALJ's decision is supported by substantial evidence on the record as a whole. See Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011).

We conclude that the ALJ properly discounted Dr. Cheong's opinion. The ALJ cited 20 C.F.R. § 404.1527, stating he had considered the opinion evidence according to regulatory requirements, and he thoroughly summarized the medical evidence and Dr. Cheong's opinion. Dr. Cheong examined Phillips only three times, and his opinion is inconsistent with his examination findings; with the conservative treatment prescribed for CTS, which test results showed was mild to moderate; with the lack of testing or examination findings to confirm degenerative disc or joint disease or arthritis; with a consulting physician's mostly normal examination findings and assessment of only a slight reduction in lumbar range of motion; and with Phillips's statements to his health care providers about the status of his health. See Martise v. Astrue, 641 F.3d at 909, 926 (8th Cir. 2011) (treating physician's opinion is properly discounted when it is inconsistent with his treatment notes or with medical evidence as whole); Teague, 638 F.3d at 615 (treating physician's opinion should be well supported by medically acceptable diagnostic techniques). Further, other than Dr. Cheong's opinion, we find nothing in the record supporting other limitations Phillips contends the ALJ should have included in his RFC determination, which we conclude is supported by substantial evidence. See Jones v. Astrue, 619 F.3d 963, 971 (8th Cir.

---

[1]Phillips also alleged disability from hypertension and short-term memory problems, but on appeal he does not mention memory problems or challenge the ALJ's finding that his hypertension was not a severe impairment as it was controlled by medication.

2010) (ALJ is responsible for determining RFC based on all relevant evidence including medical records, observations of treating physicians and others, and claimant's description of his limitations; some medical evidence in record must support ALJ's RFC determination).[2]

We find merit, however, to Phillips's challenges to the ALJ's findings on PRW. The ALJ found that Phillips's RFC did not preclude performing his PRW as a forklift operator, "taxi (limo)" driver, fire-truck driver, and school-bus driver; and that, as noted, Phillips had not engaged in SGA since January 2004. The ALJ pointed to the VE's classification of these jobs as medium and semi-skilled, and the VE used the Dictionary of Occupational Titles (DOT) listing for fork-lift operator to classify Phillips's past jobs as a router. The relevant records including a work-history report that Phillips completed in May 2007 and his November 2008 hearing testimony.

We agree with Phillips that, because the ALJ found he had not engaged in SGA since January 2004, the ALJ erred by finding that a job driving a limousine in 2006 qualified as PRW. See Mueller v. Astrue, 561 F.3d 837, 841 (8th Cir. 2009) (PRW is work that claimant performed within last fifteen years, that amounted to SGA, and that lasted long enough for claimant to learn to do it). A job may qualify as SGA even if it is part-time and profit is not realized, see 20 C.F.R. § 404.1572, but the record does not support a finding that Phillips's job as a volunteer fire-truck driver qualified as SGA. Phillips testified that he had a helper and merely drove to the scene--at times in a large pick-up truck, rather than a tanker truck--and he observed at a distance for safety issues until he needed to return to the truck and sit. See 20 C.F.R. §§ 404.1572(a), 404.1573(c) (substantial work activity involves significant physical or mental activities; if work is done under special conditions, it may not

---

[2]An ALJ must first evaluate a claimant's credibility before determining RFC, see Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005), but on appeal Phillips does not challenge the ALJ's credibility determination, see Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (abandonment of issue on appeal).

amount to SGA). Phillips also testified he had been a volunteer for the fire department since 2001, but it is unclear how long he had been assigned a helper and permitted to sit in the truck as needed.

As to the two router jobs Phillips identified on the work-history form, his testimony and written statements indicate that the lifting and carrying requirements for medium work were exceeded, and that operating a forklift was merely one of several job duties. It thus appears the VE improperly classified this work as medium based on the DOT listing for a forklift operator. See Brown v. Barnhart, 390 F.3d 535, 539 (8th Cir. 2004) (under fourth step in sequential evaluation process, ALJ must compare claimant's RFC with physical and mental demands of PRW). Finally, there was little evidence about Phillips's job as a relief school-bus driver, other than his testimony that he drove only two hours a day and his monthly earnings fell below applicable guidelines. See 20 C.F.R. § 404.1574(b)(2). Although earnings do not conclusively show that an employee has not engaged in SGA, the record does not reflect that the low earnings were the result of Phillips's choice to drive only part-time. See Reeder v. Apfel, 214 F.3d 984, 989 (8th Cir. 2000). We thus conclude that the ALJ should have further developed the record on the duties and related functional demands for the jobs he identified as PRW, see Kirby v. Sullivan, 923 F.2d 1323, 1327 (8th Cir. 1991) (ALJ has duty to develop record fully so he can compare claimant's RFC to actual functional demands of past employment); and we reverse and remand for further proceedings consistent with this opinion.

_____