NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0240n.06

Case No. 15-4039

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 06, 2016
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| EDWARD A. ELLARS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____/ | ) | |

**Before: MERRITT, SUHRHEINRICH, and DONALD, Circuit Judges.**

**MERRITT, Circuit Judge.** Plaintiff Edward A. Ellars appeals from the district court decision affirming the denial of his application for disability insurance benefits and supplemental security income.

Plaintiff has received extensive administrative and judicial review. He was 42 years old when he filed his applications for benefits on December 23, 2011, alleging that he had been disabled since September 22, 2008. The claims were denied and plaintiff requested a hearing before an administrative law judge. Plaintiff appeared with counsel and testified at a hearing held May 14, 2013, in Columbus, Ohio. At the hearing, plaintiff amended his onset date to June 1, 2012. The administrative law judge rendered his decision on June 10, 2013. In his decision, the administrative law judge found that plaintiff had the following "severe" impairments:

(1) coronary artery disease with stent placements; (2) obstructive sleep apnea; (3) status post right carpal tunnel release; (4) asymptomatic systemic lupus erythematosus; (5) ongoing tobacco abuse with associated mild emphysema; and (6) depression. Although plaintiff has "severe" impairments, they do not meet the criteria of any listed impairment, individually or in combination. ALJ Decision at 8. The administrative law judge concluded that plaintiff has the residual functional capacity to perform a reduced range of sedentary work and is not disabled. *Id.* at 11-12. He did not give "more than minimal weight" to the opinion of Dr. Gregory W. Schall, D.O., plaintiff's treating primary care physician in 2012 and 2013. *Id.* at 17. Taking into consideration the testimony of the vocational expert, the administrative law judge found that there were jobs in the community that plaintiff could perform. *Id.* at 18-19.

The decision became final when the Appeals Council denied review on August 29, 2014. Plaintiff filed for review in the federal courts. A magistrate judge filed a Report and Recommendation on June 4, 2015, recommending that the decision of the Commissioner be affirmed. The district court agreed with the determination of the magistrate judge and concluded that the administrative law judge's finding of no disability was supported by substantial evidence. *Ellars v. Colvin*, No. 2:14-cv-2050, 2015 WL 4538392, at *5 (S.D. Ohio July 27, 2015). This appeal followed.

Plaintiff's primary challenge on appeal is that the administrative law judge failed to give proper deference to the medical opinion of his treating physician, Dr. Schall, who found that plaintiff had extreme limitations on his ability to walk, sit and stand for any length of time. He opined that plaintiff's condition would likely deteriorate if placed under stress, particularly stress associated with a job, and he further opined that plaintiff would frequently be absent from work due to his medical conditions. Physical Capacity Evaluation at 2. Plaintiff raises four challenges

to the administrative law judge's analysis of the "treating source" opinion: (1) the administrative law judge did not support his rejection of Dr. Schall's opinion with "good reasons;" (2) the administrative law judge created a new requirement that more than one physician offer an opinion as to the plaintiff's limitations in order for the treating physician's opinion to be given more than minimal weight; (3) the administrative law judge's assertion that Dr. Schall's assessment was not supported by objective evidence is not supported by substantial evidence; and (4) the administrative law judge ignored the treating physician's "special deference rule." In a thorough and careful opinion, the district court addressed these concerns and we agree with its reasoning and conclusions.

Our review "is limited to determining whether the [Commissioner's] findings are supported by substantial evidence and whether the [Commissioner] employed the proper legal standards." *Cutlip v. Sec. of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994); *see also* 42 U.S.C. § 405(g). In deciding that plaintiff can perform sedentary work with some limitations, the administrative law judge discounted the opinion of plaintiff's treating physician, Dr. Schall, finding it conclusory and not supported by other evidence in the record. Plaintiff claims this decision was error because a treating physician's opinion is generally entitled to greater weight than other opinions in evaluating plaintiff's disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997) ("In general, the opinions of treating physicians are accorded greater weight than those of physicians who examined claimants only once."). Treating-source opinions must be given "controlling weight" only if: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir.

2013); 20 C.F.R. § 404.1527(c)(2).[1] Nor is an administrative law judge bound by the conclusory

statements of physicians, particularly where the statements are unsupported by detailed objective

---

[1] 20 C.F.R. § 404.1527 Evaluating opinion evidence.

. . .

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.

    (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.

    (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

    (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

    (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain. When the treating source has reasonable knowledge of your impairment(s), we will give the source's opinion more weight than we would give it if it were from a nontreating source.

    (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more

criteria and documentation in the medical record, and are inconsistent with the rest of the evidence. *Buxton*, 246 F.3d at 773.

The administrative law judge is required to provide "good reasons" for discounting the weight given to a treating-source opinion. 20 C.F.R. § 404.1527(c)(2). These reasons must be supported by the evidence in the case record, and they must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If the administrative law judge does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. § 404.1527(c)(2)–(6); *Gayheart*, 710 F.3d at 376.

---

weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.

(4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.

(5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

(6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion. For example, the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has, regardless of the source of that understanding, and the extent to which an acceptable medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion.

The administrative law judge gave good reasons for not giving significant weight to Dr. Schall's assessment about plaintiff's physical capabilities. The administrative law judge noted that "the opinion expressed by Dr. Schall is quite conclusory, providing very little explanation of the information he relied upon in forming the opinion." ALJ Decision at 17. Dr. Schall's evaluation consisted of a two-page form on which he entered check marks in the blanks regarding plaintiff's physical limitations. *See* Physical Capacity Evaluation. Many courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating physician's "check-off form" of functional limitations that "did not cite clinical test results, observations, or other objective findings . . . ." *Teague v. Astrue*, 638 F.3d 611, 616 (8th Cir. 2011); *see also Smith v. Comm'r of Soc. Sec.*, No. 13–12759, 2015 WL 899207, at **14–15 (E.D. Mich. Mar. 3, 2015)(citing cases); *Ashley v. Comm'r of Soc. Sec.*, No. 1:12-cv-1287, 2014 WL 1052357, at *8 n.6 (W.D. Mich. Mar. 19, 2014) (citing cases). These cases recognize that the administrative law judge properly gave a check-box form little weight where the physician provided no explanation for the restrictions entered on the form and cited no supporting objective medical evidence. In the "REMARKS" section of the Physical Capacity Evaluation, Dr. Schall simply noted plaintiff's impairments consisted of severe peripheral vascular disease, coronary artery disease, COPD, depression and anxiety. These remarks were not sufficient to explain Dr. Schall's findings. *See Rogers v. Comm'r of Soc. Sec.*, No. 99-5650, 2000 WL 799332 (6th Cir. June 9, 2000) (treating physician's documentation of impairments on form with checked-off boxes was not entitled to great weight when no further explanation given); *see also* 20 C.F.R. § 404.1527(c)(3)("The better an explanation a source provides for an opinion, the more weight we will give that opinion."). The administrative law judge also supported his decision to discount Dr. Schall's opinion by stating that "the totality of

the objective evidence of record fails to corroborate his assigned degree of functional limitations." ALJ Decision at 18.

In addition to explaining why he gave little weight to the conclusory opinion of Dr. Schall, the administrative law judge also detailed plaintiff's treatment records and concluded that Dr. Schall's opinion was not consistent with other substantial evidence in the case record. *Id.* at 12-17. Plaintiff's primary physical complaint supporting his claim of disability is the "weakness, throbbing, and numbness of his legs," but, as the administrative law judge pointed out, the objective evidence in the record shows that "repeated physical examinations of the claimant have failed to identify any findings that would corroborate the claimant's lower extremity complaints and symptoms." *Id.* at 22. The district court summarized the medical findings of the administrative law judge as follows:

> plaintiff's pulmonary function testing was completely normal, and . . .plaintiff was capable of engaging in mild to moderate physical activities. . . . [T]he outcomes of the plaintiff's repeated stent placement procedures were successful [in that testing of his vascular system shows nearly full revascularization after stenting procedures and angioplasty, with normal heart function and blood pressure within acceptable range],[2] . . . his coronary artery disease was classified as only moderate in severity and non-obstructive; that his neurological examinations were entirely within normal limits; that the objective medical evidence concerning plaintiff's chronic obstructive pulmonary disease established that this condition was mild or minimal; that plaintiff had not been treated for lupus symptoms since June of 2012; that plaintiff's obstructive sleep apnea was adequately treated with a CPAP mask; and that plaintiff had not been treated for carpal tunnel syndrome since June of 2012.

---

[2] Plaintiff contends that the administrative law judge erred in noting that Dr. Schall's assessment "appears to rest at least in part on an assessment of the claimant's cardiac and vascular impairment, which is outside his area of expertise as a general practitioner." ALJ Decision at 26. However, the regulations permit the administrative law judge to consider the treating source's area of specialty in weighing the opinion. *See* 20 C.F.R. § 404.1527(c)(5). Plaintiff notes that Dr. Schall practices with two other physicians who specialize in pulmonary problems, but that argument does not address the area of cardiac and vascular impairment noted by the administrative law judge. Further, plaintiff assumes, but points to no evidence in the record, that Dr. Schall consulted with these other doctors in completing his evaluation of plaintiff's physical capacities.

*Ellars*, 2015 WL 4538392, at \*3 (citing to the ALJ Decision at 13-16). We agree with the district court that the administrative law judge gave "good reasons" for not affording Dr. Schall's opinion controlling weight.

Plaintiff also claims that the administrative law judge created a new rule of law requiring that more than one physician must offer an opinion as to the plaintiff's limitations before a treating physician's opinion would be given more than minimal weight. *See* ALJ Decision at 18 ("[N]o other treating or examining physician offered an opinion indicating that the claimant's residual functional capacity was restricted to the extent identified by Dr. Schall [.]"). Plaintiff argues that this comment suggests that the administrative law judge required plaintiff to produce at least one other expert opinion corroborating Dr. Schall's opinion before it could be assigned any weight. The administrative law judge's comment did not create a new rule of law or a new requirement concerning the Commissioner's evaluation of the opinion of a treating physician. We agree with the district court that the administrative law judge was simply noting that the record contained no opinions from other sources, treating or nontreating, who shared Dr. Schall's opinion; it was not mandating a new requirement. Whether the record contains other opinions that support or concur with Dr. Schall's opinion is a factor that the administrative law judge considered in weighing that opinion. *See* 20 C.F.R. § 404.1527(c)(3). The administrative law judge is permitted to consider "any factors . . . which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c)(6).

The administrative law judge permissibly concluded that the functional limitations proposed by Dr. Schall were not supported by the objective medical evidence in the record. We agree with the district court that the administrative law judge properly considered relevant factors for determining the weight to be assigned Dr. Schall's opinion.

**Conclusion**

For the reasons stated above, we agree with the analysis of the district court, and conclude that the administrative law judge's nondisability finding is supported by substantial evidence in the record.  We therefore affirm the judgment of the district court.