# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1216

_____

Lora D. Hamman

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security[1]

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: January 10, 2017
Filed: February 24, 2017
[Unpublished]

_____

Before COLLOTON, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Nancy A. Berryhill is substituted for Carolyn Colvin as the Acting Commissioner of the Social Security Administration.

Lora Hamman applied for disability insurance benefits, asserting that she was disabled due to a combination of physical and mental impairments. Her application was denied by an administrative law judge (ALJ), who concluded that she suffered from severe impairments but was nonetheless capable of performing some work. The Appeals Council declined to review her case. Hamman then sought judicial review and the district court[2] affirmed the denial of benefits. Hamman appeals, and we affirm.

Hamman applied for disability insurance benefits in March 2012, alleging that she had been disabled since August 2008 due to fibromyalgia, irritable bowel syndrome, gastritis, depression, anxiety, fast heart rate, and nodules on thyroid. After a hearing at which Hamman and a vocational expert testified, the ALJ conducted the five step sequential evaluation analysis and denied her claim. See 20 C.F.R. § 404.1520(a)(4). The ALJ found that Hamman suffered from the severe impairments of major depressive disorder, generalized anxiety disorder, somatoform disorder, personality disorder, fibromyalgia, and possible small fiber neuropathy. See 20 C.F.R. § 404.1520(a)(4)(ii). The ALJ determined that Hamman had the residual functional capacity (RFC) to perform a reduced range of sedentary work. Based on that RFC, the ALJ concluded that Hamman could perform jobs that exist in significant numbers in the national economy and therefore was not disabled. See 20 C.F.R. § 404.1520(a)(4)(v).

In assessing Hamman's RFC, the ALJ found that Hamman's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely credible." The ALJ also gave "little weight" to the medical source statement of Hamman's treating physician, Dr. Arun Varadhachary, because it was

_____

[2]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting in part the Proposed Findings and Recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

"unexplained," "unsupported by reference to any positive medical findings," and suggested that "'psychosocial' circumstances were a major factor in the assessment." According to the vocational expert who testified at the hearing, an individual with the limitations described by Hamman or Dr. Varadhachary would be unable to work.

Hamman appeals, arguing that the ALJ's decision was not supported by substantial evidence. We review de novo a district court order "affirming a denial of social security insurance benefits and affirm if the ALJ's decision is 'supported by substantial evidence on the record as a whole.'" Smith v. Colvin, 756 F.3d 621, 625 (8th Cir. 2014) (quoting Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011)). Substantial evidence is such evidence that "a reasonable mind might accept as adequate to support" the disability determination, even if the evidence could also "have supported an opposite decision." Williams v. Sullivan, 960 F.2d 86, 89 (8th Cir. 1992) (citations omitted).

Hamman first argues that the ALJ erroneously discounted the opinion of her treating physician, Dr. Varadhachary. A treating physician's opinion should be given controlling weight when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002); see 20 C.F.R. § 404.1527(c)(2). Here, Dr. Varadhachary noted that Hamman's symptoms were only "partially explained" by her "small fiber neuropathy," but failed to explain what other medical evidence may support his opinion. Further, the majority of his assessment consisted of checked boxes and conclusory statements, which are of limited evidentiary value. Holmstrom v. Massanari, 270 F.3d 715, 720–21 (8th Cir. 2001). The ALJ therefore did not err in declining to give Dr. Varadhachary's opinion controlling weight, particularly given the other substantial evidence in the record supporting the ALJ's residual functional capacity assessment. See Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

Hamman also argues that the ALJ's finding that she was "not entirely credible" is not supported by substantial evidence. Hamman is correct that an ALJ may not find that a claimant with somatoform disorder lacks credibility solely because the claimant's self reporting of symptoms is not supported by objective medical data; that disparity itself is symptomatic of somatoform disorder, which "causes [individuals] to exaggerate [their] physical problems in [their] mind[s] beyond what the medical data indicate[s]." Easter v. Bowen, 867 F.2d 1128, 1130 (8th Cir. 1989) (emphasis added). Even assuming that the ALJ erred in this respect, however, reversal is not warranted because "the remainder of the record . . . support[s] [the] ALJ's credibility determination." Chaney v. Colvin, 812 F.3d 672, 677 (8th Cir. 2016). Here, the ALJ also found that Hamman's conservative treatment history and daily activities were inconsistent with her reported disabling conditions, which provides substantial evidence to support the ALJ's credibility determination. See Turpin v. Colvin, 750 F.3d 989, 993–94 (8th Cir. 2014).

The ALJ's determinations were fully supported by the record as a whole. Further, the somatoform diagnosis of an evaluating psychologist was made in July 2013, four months before the ALJ's decision, and the ALJ considered that diagnosis in his opinion. We therefore conclude that no further development of the record is necessary and we affirm the denial of benefits.

MELLOY, Circuit Judge, dissenting.

At the conclusion of Hamman's hearing, the ALJ requested that Hamman undergo a psychological evaluation. The evaluating psychologist subsequently submitted a report diagnosing Hamman, for the first time, with somatoform disorder. As we recently noted, somatoform disorders "may, in fact, be debilitating even when clinical or diagnostic medical evidence does not fully support the claimed symptoms." Nowling v. Colvin, 813 F.3d 1110, 1114 (8th Cir. 2016). An individual with a somatoform disorder "actually believes herself to be experiencing symptoms at a

greater level of severity than clinical evidence can support." Id. Accordingly, the majority correctly notes that an ALJ cannot make an adverse credibility finding simply because the somatoform sufferer's complaints are not supported by objective medical data. See Easter v. Bowen, 867 F.2d 1128, 1131 (8th Cir. 1989).

The record strongly suggests, however, that neither Hamman nor the ALJ understood the significance of Hamman's somatoform diagnosis before the ALJ's decision. The evaluating psychologist did not explain the diagnosis in her report. And the diagnosis came late in the disability determination process, after the ALJ requested the psychological evaluation at Hamman's hearing. Because somatoform disorder, properly understood, places Hamman's complaints in a different light, I would remand for further consideration and development of the record.

_____