# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4180

_____

Thaisheena M. Nicholson

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 7, 2017
Filed: August 18, 2017
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Thaisheena M. Nicholson appeals the district court's[1] judgment upholding the decision of the Acting Commissioner of Social Security to deny Nicholson's

---

[1]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

application for supplemental security income. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The record supports the district court's conclusion that the administrative law judge (ALJ) did not grant Nicholson's request to reopen and reconsider the merits of her prior applications for benefits, as the ALJ did in *Jelinek v. Heckler*, 764 F.2d 507, 508 (8th Cir. 1985). Absent a de facto administrative reopening, this court has no jurisdiction to review the denial of a request to reopen without a hearing. *See California v. Sanders*, 430 U.S. 99, 107-08 (1977). Upon de novo review, this court finds the benefits decision is supported by substantial evidence on the record as a whole. *See Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). The ALJ's credibility findings are entitled to deference because those findings are supported by good reasons and substantial evidence. *See Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2016). The ALJ was not required to give controlling weight to the opinions of treating physicians insofar as those opinions were conclusory, based on subjective complaints, or outside the doctors' area of expertise. *See Julin v. Colvin*, 826 F.3d 1082, 1088-89 (8th Cir. 2016); *Wildman v. Astrue*, 596 F.3d 959, 965-67 (8th Cir. 2010).

The judgment is affirmed.

_____